# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.O., H.H.M.C., N.L.J., and K.M.R.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, Acting Director, U.S. Citizenship and Immigration Services; KEVIN McALEENAN, Acting Secretary, U.S. Department of Homeland Security; ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Civil Action No. 2:19-cv-11696 (MCA)(MAH)<br><br><br><br>**CLASS CERTIFICATION ORDER** |

This matter having come before the Court on the motion of W.A.O., H.H.M.C., N.L.J., and K.M.R.L., individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), for class certification and appointment of class counsel pursuant to Rules 23(a), (b)(2), and (g) of the Federal Rules of Civil Procedure, and the Court having considered the filings and arguments in support thereof, and Defendants having consented thereto, and for good cause shown, the Court finds as follows:

## Findings of Fact

1. Plaintiffs are individuals who were between the ages of 18 and 21 when they obtained orders from the Superior Court of New Jersey, Chancery Division, Family Part (the "Family Part") making the child welfare findings necessary for Special Immigrant Juvenile ("SIJ") classification.

2. Based on such Family Part orders, Plaintiffs applied for SIJ classification when they were between their 18th and 21st birthdays.

3. Plaintiffs filed a Complaint alleging that Defendants have adopted and implemented a policy that disqualified SIJ applicants who obtained Family Part orders when they were between 18 and 21 years old on the grounds that: (1) the Family Part must have jurisdiction to make the required child welfare findings; and (2) the Family Part lacked such jurisdiction as to petitioners in this age group (the "Policy").

4. This alleged Policy resulted in the rejection of SIJ petitions filed by juveniles in New Jersey who were between 18 and 21 years old when the Family Part issued their orders. Plaintiffs' SIJ applications were delayed, questioned, or denied because of Defendants' alleged Policy. Putative class members also had their SIJ petitions delayed, questioned, or denied, or their SIJ classifications revoked, under the alleged Policy.

5. The putative class consists of hundreds of juveniles who do not have the means to bring individual federal lawsuits challenging Defendants' alleged Policy.

6. Plaintiffs' Complaint seeks classwide relief to permanently and preliminarily enjoin Defendants from delaying, questioning, denying, or revoking SIJ petitions on the ground that the New Jersey Family Part does not have the jurisdiction, power, or authority to make the required child welfare findings for a juvenile between the ages of 18 and 21.

7. Plaintiffs' Complaint seeks further classwide relief to permanently and preliminarily enjoin Defendants to: 1) rescind alleged improper denials or revocations of Plaintiffs' and putative class members' SIJ petitions; 2) reopen their petitions; and 3) readjudicate their petitions without relying on any requirement or policy declared invalid in this case.

8. Plaintiffs' counsel represents that Lowenstein Sandler LLP has extensive experience handling class action litigation and complex immigration cases, including those related to SIJ classification. Plaintiffs' counsel represents that the firm has no interests that are in conflict with the putative class and has committed to representing the class on a pro bono basis.

## Conclusions of Law

### A.  Numerosity

9. The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied. The Third Circuit has generally held that "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001). In this case, Plaintiffs have established that there are more than 100 members of the putative class, and Defendants have identified additional members of the putative class.

## B. Commonality

10. The commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied because common questions of law predominate in this action. To meet the commonality standard, plaintiffs must show that their claims "depend upon a common contention" and that determination of the truth or falsity of that common contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) "[O]nly one question of law or fact in common is necessary to satisfy the commonality requirement, despite the use of the plural 'questions' in the language of Rule 23(a)(2)." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597 n.10 (3d Cir. 2009).

11. In this case, the issue of whether Defendants' alleged Policy violates the Administrative Procedure Act (APA) is central to the claims of Plaintiffs and putative class members.

## C. Typicality

12. The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because "the claims of the named plaintiffs and putative class members involve the same conduct by the defendant." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183 (3d Cir. 2001). Plaintiffs' Complaint alleges that they and putative class members alike have had their SIJ petitions delayed, questioned, and/or denied, and have had their SIJ classifications revoked, pursuant to Defendants' Policy. Plaintiffs and putative class members challenge these actions under the same legal theory—that Defendants' alleged Policy violates the APA.

### D. Adequacy of Representation

13. The adequacy requirement of Fed. R. Civ. P. 23(a)(4) is satisfied because Plaintiffs have demonstrated "the ability and the incentive to represent the claims of the class vigorously, that [they have] obtained adequate counsel, and that there is no conflict between the[ir] individual[] claims and those asserted on behalf of the class." *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988).

14. Plaintiffs have also demonstrated that class counsel, Lowenstein Sandler, is equipped to handle representation of the class, and that Lowenstein Sandler will effectively represent the interests of the putative class.

### E. The Requirements of Fed R. Civ. P. 23(b)(2)

15. Class certification can be properly granted in this case pursuant to Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (internal quotation marks and citation omitted). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.*

16. "[I]njunctive actions," like this one, that "seek[] to define the relationship between the defendant and the 'world at large,' will usually satisfy [the (b)(2)] requirement." *Baby Neal v. Casey*, 43 F.3d 48, 59 (3d Cir. 1994). Further, "certification is appropriate even if the defendant's action or inaction has taken effect or is threatened only as to one or a few members of the class, provided it is based on *grounds* which have general application to the class." *Neale v. Volvo Cars of N.*

*Am., LLC*, 794 F.3d 353, 367–68 (3d Cir. 2015) (internal quotations marks and citation omitted).

17. Certification under Fed. R. Civ. P. 23(b)(2) is appropriate in this case because Plaintiffs allege that Defendants' Policy defeats SIJ classification for all members of the putative class and because an injunction requiring Defendants to suspend that alleged Policy would provide relief to the class as a whole.

Based on these Findings and Conclusions, it is hereby:

**ORDERED** that Plaintiffs' Motion for Class Certification and Appointment of Class Counsel pursuant to Rules 23(a), (b)(2), and (g) of the Federal Rules of Civil Procedure is **GRANTED**; and it is further

**ORDERED** that the following class is certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2):

> Individuals who have filed or will file petitions for Special Immigrant Juvenile ("SIJ") classification based on New Jersey Family Part Orders that were entered between the petitioners' 18th and 21st birthdays, and whose SIJ petitions are, have been, or will be delayed, questioned, denied, or revoked on the ground that the Family Part lacks the authority, power, or jurisdiction to make the required child welfare findings as to petitioners in this age group;

and it is further

**ORDERED** that Plaintiffs are appointed to serve as representatives of the class; and it is further

**ORDERED** that Lowenstein Sandler LLP is appointed as class counsel.

September 17, 2019

_____
Hon. Madeline Cox Arleo, United States District Judge