## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.O., H.H.M.C., N.L.J., and K.M.R.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, Acting Director, U.S. Citizenship and Immigration Services; KEVIN McALEENAN, Acting Secretary, U.S. Department of Homeland Security; ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Civil Action No. 2:19-cv-11696 (MCA)(MAH)<br><br><br><br><br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's September 17, 2019 Order, the Parties submit this joint status report in advance of the November 21, 2019 status conference.

For ease of reference, the Parties include each relevant portion of the Court's November 21, 2019 Status Order and July 3, 2019 Preliminary Injunction and provide the progress related thereto. Except where indicated, the Parties are in agreement with the status update on each topic below.

## The Court's Status Order of September 17, 2019

1. ***ORDERED*** *that Defendants shall have 30 days from the date of the Protective Order described in the next Paragraph to produce to Plaintiffs the SIJS petitions, together with attachments; the notices, requests, and decisions by USCIS in response to those petitions; and any other documents on which USCIS relied in rendering such decisions as to 27 of the 68 above-referenced petitioners whose applications have been denied or revoked, including: (A) the 13 petitioners whom USCIS has determined not to be part of the class, (B) the 9 petitioners to whom USCIS issued RFEs, (C) the 4 petitioners whose cases the AAO remanded to the NBC for adjudication (unless such petitions have been approved by the date production is required under this Paragraph), and (D) the 1 petitioner whose case has been reopened and who will likely be issued a NOID.*

   **Update:** Defendants report that, since the last status conference on September 17, 2019, USCIS has granted 10 of the 27 SIJ petitions it had not yet granted upon reconsideration at the time of the last status conference. Following successful appeals to the Administrative Appeals Office by two additional petitioners, their applications were granted. Two more petitions were voluntarily withdrawn after both applicants were granted alternative relief. This left 13 files to share with Plaintiffs on November 12, 2019, and all were shared on that date.

2. ***ORDERED*** *that the Parties shall file a Protective Order within 7 days of this Order setting forth the terms on which documents will be shared.*

   **Update:** The Parties filed a proposed protective order on October 4, 2019, and the Court entered the Order on October 10, 2019.

3. ***ORDERED*** *that Defendants shall within 15 days of the date of this Order inform Plaintiffs of USCIS's progress on the 4 petitions that remain in "administrative processing."*

**Update:** Defendants reported on October 2 that these four cases had been approved.

4. ***ORDERED*** *that if Plaintiffs determine that any of the above-referenced petitions has been adjudicated in a manner that does not comply with the PI, the Parties shall meet and confer about next steps.*

**Update:** The Parties have not yet had an opportunity to meet and confer about the 13 files Defendants produced in accordance with Order 1, above. If the Parties cannot resolve cases about which disputes arise, they will present any unresolved issues to the Court.

**Plaintiffs' Position:** In reviewing the 13 files, Plaintiffs have preliminarily identified problematic outcomes, including USCIS's apparent failure to reverse the denial of the SIJ petition of a New York juvenile notwithstanding the injunction in the Southern District of New York in *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350 (S.D.N.Y. 2019). That juvenile subsequently moved to New Jersey.

**Defendants' Position:** Upon preliminary review, Defendant USCIS disputes the Plaintiffs' characterization of the above-mentioned case and states that it appears that the individual identified is not a class member in this case. USCIS indicates that the records show that the denial that Plaintiffs refer to was issued on July 25, 2018, before the March 15, 2019 order and almost a full year before the *R.F.M's* Amended Judgment was issued on May 31, 2019,

establishing the implementation mechanism of the March 15, 2019 order. Although the petitioner in the referenced case may be eligible for relief pursuant to the March 15, 2019 order in *R.F.M.*, USCIS contends that Plaintiffs' suggestion that USCIS is in violation of *R.F.M.* because of a denial that it issued prior to the court's order is an incorrect reading of this case.

5. ***ORDERED*** *that, within 60 days from the date of this Order, Defendants shall review the above-referenced 167 SIJS petitions in response to which USCIS issued RFEs, NOIDS, or NOIRs and inform Plaintiffs of USCIS's determinations as to which of these RFEs, NOIDs, or NOIRs include terms that conflict with the PI; in the course of such review, or within 15 days following the completion of such review, USCIS shall withdraw the RFEs, NOIDs, or NOIRs it has determined to be in conflict with the PI, notifying Plaintiffs and the individual applicants of such withdrawal; as to those RFEs, NOIDs, and NOIRs USCIS determines not to be in conflict with the PI, if any, the Parties shall meet and confer to determine which, if any, shall be produced to Plaintiffs for review; any such production shall be consistent with the directives of this Order and the Protective Order.*

**Update:** Defendants report that these 167 petitions now number 82. USCIS states that the 167 number included all cases in which it had issued a Request for Evidence (RFE), Notice of Intent to Deny (NOID), or Notice of Intent to Revoke (NOIR). As a result, the 167 included 85 cases that USCIS had: 1) previously denied but later reopened and re-adjudicated under the PI order, or 2) approved outside of this litigation after having received petitioners' responses to an RFE, NOID, or NOIR. Defendants report that USCIS is on track to produce the results of its review of the remaining 82 files by November 25, 2019.

6. ***ORDERED*** *that Defendants shall provide to Plaintiffs written assurance that, during the process described in the preceding Paragraph, none of the 167 applications shall be denied due to a petitioner's failure to respond to an RFE, NOID, or NOIR.*

**Update:**  On October 21, 2019, Defendants reported that USCIS had provided assurances that none of the 167 (now 82) cases would be denied because of a failure to timely respond to an RFE, NOID, NOIR.

7. ***ORDERED*** *that, consistent with Paragraph 12 of the PI, Defendants shall charge no fees to any petitioner there described who moves to reopen, seek reconsideration, file an appeal, or use other established administrative procedures to prompt USCIS to review and correct any action the petitioner believes to be in conflict with the PI; the prohibition on charging fees related to such motions or appeals has been in effect since the PI was entered and shall remain in effect until 180 days after class notice is issued, as per Paragraph 13 of the PI; and it is further **ORDERED** that Defendants shall provide to Plaintiffs in writing any and all corrective measures that have been, are being, or will be taken to remedy non-compliance with the preceding Paragraph and Paragraph 12 of the PI.*

**Update:**  On October 21, 2019, Defendants reported that USCIS had developed a system for identifying feeless I-290Bs (appeals and motions to reopen or reconsider) covered by this Court's preliminary injunction.  USCIS confirmed that it had trained the relevant staff to intercept feeless WAO submissions sent to the standard address for filing I-290Bs.  To reduce the chance for error or inadvertent rejection, USCIS suggested that class members address their submissions as indicated below and write "FEE EXEMPT—

WAO" on the front page of the I-290B or cover letter.  USCIS also requested that a copy of the WAO court order be submitted with the I-290B.

USCIS-Attn: WAO
PO Box 5510
Chicago, IL 60680-5510

This information is to be included in the class notice.

Further, on October 21, 2019, Defendants reported that USCIS accepted and processed the I-290B of the individual class member whose filing it had previously rejected for lack of a fee.  Plaintiffs have since learned that this class member was granted SIJS.

### The Court's Preliminary Injunction of July 3, 2019

***Paragraph 13****: The Parties shall meet and confer to propose to the court by the date of the status conference set in ¶ 19 a system for providing notice to individuals who have filed 18+ SIJS Petitions. Such notice shall be designed to inform such individuals of the contents of this Order and subsequent Orders of this Court pertaining to classwide relief.*

**Update:** The Parties have prepared a proposed class notice, which they attach to this Joint Status Report as Exhibit A.  A Spanish translation is in process.

**Plaintiffs' Position:** Plaintiffs seek individual mailing of the notice to members of the class whose SIJ petitions have not yet been granted.  Below, Defendants object to mailing as unnecessary in part because USCIS maintains that it "has already *sua sponte* reopened all known denied cases," as this Court's preliminary injunction required it to do.  USCIS may, however, have missed some denials; some petitioners whom USCIS believes are outside the

-6-

class may consider themselves to be protected by the PI; and those whose petitions remain pending are entitled to know how the PI applies (or does not apply) to them.  For unrepresented young people, mailed notice is especially important, as they are unlikely to be reached by online postings or emails to USCIS's list of subscribers.

Plaintiffs have requested that Defendants mail this notice to the following: SIJ petitioners whose applications were pending on or after January 1, 2018, who filed when they were between 18 and 21 years of age, and who listed a residential address in NJ.  The notice list would exclude the following:

a. Potential class members whose applications have been granted;
b. Depending on the meet-and-confer process, perhaps some of the thirteen petitioners whose files Plaintiffs are reviewing pursuant to Order 4, above.

Defendants take the position below that "USCIS is unable to carve out certain groups without manual review, which would be burdensome and would divert adjudicators from adjudications of petitions."  It is unclear, however, why USCIS cannot exclude the petitioners identified above.  USCIS represents that it has granted SIJ classification to 70% of the class, meaning that it must be able to identify those petitions that have been granted and exclude them from the class list.  Moreover, the number of files currently under review is so small (13) that the inclusion or exclusion of these files presents no obstacle.  Thus, it is unclear why a narrowed service list for class notice is beyond USCIS's capacity.  Narrowing the list would avoid much of the confusion about which USCIS expresses concern.  The class notice itself

takes other potential confusion into account and explains it away. For example, the notice contains instruction for those who receive it but whose SIJ petitions do not in fact raise issues addressed in this class action.

Plaintiffs believe that potential class members are entitled to individual mailing of the notice. *See Zimmer Paper Prod., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90 (3d Cir. 1985) (in situations where notice is required, "first-class mail and publication in the press fully satisfy the notice requirements of both Fed. R. Civ. P. 23 and the due process clause"); *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983) ("publication in two newspapers and mail to class members whose names and addresses" appeared on retirement plan's records was deemed appropriate). Class notices were individually mailed in the analogous class action filed in the Southern District of New York. *See* Amended Judgment ¶ III.C, *R.F.M. v. Nielsen*, No. 18-cv-5068 (S.D.N.Y. May 31, 2019), ECF No. 148 (requiring government to mail class notice to the last known address for all SIJS petitioners, as well as their counsel, who as of the order date "have a pending SIJ petition or, on or before January 1, 2016, have received an adverse adjudicatory action on their SIJ petition"). While notice may have been more necessary in *R.F.M.* for the reasons Defendants outline below, notice remains necessary in this case.

**Defendants' Position**: USCIS believes that due to its substantial progress towards implementing classwide relief, notice by mail would be unnecessary, potentially confusing to class members, and would frustrate USCIS's efforts to continue adjudicating class members' cases efficiently. First, due to the

-8-

nature of the Court's preliminary injunction in *W.A.O.*, USCIS believes that notice by mail would be counterproductive. Unlike other recent SIJ class actions where notice by mail occurred prior to USCIS's implementation of court-ordered actions, in *W.A.O.*, USCIS has already *sua sponte* reopened all known denied cases. The agreed upon Class Notice drafted by Plaintiffs and Defendants advises potential class members that if their case has been denied or revoked, they may file a Form I-290B, without a fee, in order to have their case reconsidered. Because all identified denied and revoked cases have already been reopened by USCIS, mailing of class notice would not serve any readily identifiable purpose. Furthermore, USCIS has made substantial progress towards implementing classwide relief. As of November 19, 2019, more than 70% of the entire class identified by USCIS have had their I-360s approved. USCIS's compliance with the PI is quickly resulting in permanent relief for *W.A.O.* class members, making the benefits of written notice unclear, and notice by mail may at best be duplicative and at worst confuse petitioners. Additionally, in *R.F.M.*, the number of putative class members who had received denials on the over-18 ground was over 2000; because USCIS did not *sua sponte* reopen all of these denials, the mailing of notice to these individuals informed them that they could seek review of their denial through their filing of an I-290B. In this case, the I-360 petitions of all putative class members who received denials have already been reopened, meaning that they do not need to take any action to avail themselves of the relief provided in the

PI order, thus rendering notice to these individuals unnecessary and burdensome to USCIS.

Plaintiffs contend that "USCIS may, however, have missed some denials," and that written notice would benefit those individuals. As previously explained, due to data management limitations, USCIS is unable to identify all class members with total accuracy. The list of class members identified by USCIS is therefore both underinclusive and overinclusive. For this reason, providing notice to all or some of the individuals on the master class list would not benefit those individuals that USCIS was unable to identify. Plaintiffs' suggestion that the written would benefit individuals who may have not been captured in the master class list is therefore incorrect as USCIS cannot identify who they are.

USCIS is processing all other cases in accordance with the Court's July 3, 2019 Order; in other words, none of the identified putative class members identified on the class list need to take any action to have their case reviewed.[1] In sum, this case is distinct from other SIJ class actions where notice by mail was required because 1) the PI in *W.A.O.* effectively ordered final relief and

---

[1] *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) (holding that due process requires that notice be "reasonably calculated to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections"). Here, written notice would be unnecessary given that putative class members do not need to take any action to avail themselves of the benefit that the notice would provide because the agency has already reopened all denied cases and is processing all others in accordance with the PI order, resulting in grants of SIJ classification to over 70% of the class. For this reason, requiring USCIS to provide written notice to these putative class members would be unnecessary.

USCIS has made substantial progress towards compliance, 2) in *R.F.M.* individuals had to self-identify to have their cases reconsidered whereas in *W.A.O.*, USCIS has already reopened/readjudicated all known class members' cases, and 3) the *R.F.M.* and *J.L.* classes were much larger. To the extent that notice by mail would have assisted any putative *W.A.O.* class members with denied cases, USCIS has already remedied all such cases.

Although USCIS believes that written notice to the identified putative class is unnecessary given that the putative class members do not need to take any action to avail themselves of the relief provided in the PI order, USCIS is willing to email the notice to its 47,000 subscribed users and to post it on the USCIS webpage in order to inform potential class members who were not captured in the master class list. If the Court requires the agency to provide notice by mail to putative class members, USCIS is unable to carve out certain groups without manual review, which would be burdensome and would divert adjudicators from adjudications of petitions. It will not be possible for USCIS to carve out individuals from the master class list and send notice to a smaller subset without a manual review (i.e. those who may not have yet had their cases adjudicated and/or reopened). Such a manual review will use substantial personnel resources that would need to be diverted from adjudicating class members' I-360s. It would be far more efficient and less onerous for USCIS to notice the entire identified class. As a result, some petitioners who are not class members will receive notice. And it also means that many petitioners with already approved petitions—approximately 70%

-11-

of the class list—will receive notice at the risk of confusing petitioners who may conceivably believe that further action is required on their part even if they were already granted SIJ classification.  For this reason, USCIS believes emailing the 47,000 subscribed users and posting the notice on the uscis.gov is the most effective method of notice.

November 20, 2019

Respectfully submitted,

s/ Catherine Weiss
Catherine Weiss
(cweiss@lowenstein.com)

LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500

Pro Bono Counsel for Plaintiffs
W.A.O., H.H.M.C., N.L.J., and
K.M.R.L., on behalf of themselves
and all others similarly situated

CRAIG CARPENITO
United States Attorney

s/ Enes Hajdarpasic
Enes Hajdarpasic
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 297-2046
Enes.Hajdarpasic@usdoj.gov
Counsel for Defendants