## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.O., H.H.M.C., N.L.J., and K.M.R.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, Acting Director, U.S. Citizenship and Immigration Services; CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security; ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Civil Action No. 2:19-cv-11696 (MCA)(MAH)<br><br><br><br>**JOINT STATUS REPORT** |

Pursuant to the practice established in this matter, the Parties submit this joint status report in advance of the January 30, 2020, status conference.

For ease of reference, the Parties include each relevant portion of the Court's September 26, 2019 Status Order and July 3, 2019 Preliminary Injunction and provide the progress related thereto. Except where indicated, the Parties are in agreement with the status update on each topic below.

## The Court's Status Order of September 26, 2019

1. ***ORDERED*** *that Defendants shall have 30 days from the date of the Protective Order described in the next Paragraph to produce to Plaintiffs the SIJS petitions, together with attachments; the notices, requests, and decisions by USCIS in response to those petitions; and any other documents on which USCIS relied in rendering such decisions as to 27 of the 68 above-referenced petitioners whose applications have been denied or revoked, including: (A) the 13 petitioners whom USCIS has determined not to be part of the class, (B) the 9 petitioners to whom USCIS issued RFEs, (C) the 4 petitioners whose cases the AAO remanded to the NBC for adjudication (unless such petitions have been approved by the date production is required under this Paragraph), and (D) the 1 petitioner whose case has been reopened and who will likely be issued a NOID; and it is further*

   ***ORDERED*** *that if Plaintiffs determine that any of the above-referenced petitions has been adjudicated in a manner that does not comply with the PI, the Parties shall meet and confer about next steps.*

   **Update:** As described in the Joint Status Report filed on November 20, 2019, because of 10 additional SIJ approvals, two successful administrative appeals, and the voluntary withdrawal of two petitions, Defendants ended up producing 13 files, rather than the 27 originally anticipated.  These 13 files were shared with Plaintiffs on November 12, 2019.

   The parties have since conferred about five of these files.  The first concerned a juvenile from New York who later moved to New Jersey and who may be eligible to have his SIJ petition reopened and readjudicated pursuant to *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350 (S.D.N.Y. 2019).  Plaintiffs have referred that case to *R.F.M.* class counsel in New York.  The second involved a juvenile from Texas who later moved to New Jersey, and whose SIJ denial

-2-

appears to have been based on a misunderstanding of Texas law. Defendants report that USCIS reopened the Texas matter and approved it on December 30, 2019. The Parties have reviewed three additional files and confirmed that the applicants' SIJ petitions were, in fact, approved. The remaining eight files do not present issues relevant to this case.

2. ***ORDERED*** *that, within 60 days from the date of this Order, Defendants shall review the above-referenced 167 SIJS petitions in response to which USCIS issued RFEs, NOIDS, or NOIRs and inform Plaintiffs of USCIS's determinations as to which of these RFEs, NOIDs, or NOIRs include terms that conflict with the PI; in the course of such review, or within 15 days following the completion of such review, USCIS shall withdraw the RFEs, NOIDs, or NOIRs it has determined to be in conflict with the PI, notifying Plaintiffs and the individual applicants of such withdrawal; as to those RFEs, NOIDs, and NOIRs USCIS determines not to be in conflict with the PI, if any, the Parties shall meet and confer to determine which, if any, shall be produced to Plaintiffs for review; any such production shall be consistent with the directives of this Order and the Protective Order.*

    **Update:** As described in the Joint Status Report of November 20, 2019, Defendants report that—because of overlap with SIJ petitions already readjudicated and granted in this case, and others approved outside of this litigation—these 167 petitions now number 82.

    On November 25, 2019, Defendants reported that USCIS had granted 74 of these 82 petitions; denied one "on grounds unrelated to the PI"; and had seven pending cases. On January 29, Defendants reported that USCIS had approved five of the seven pending petitions, denied one, and one remained pending subsequent to the issuance of a Notice of Intent to Deny. Thus, out

of the 82 petitions under review pursuant to this provision in the Court's order of September 26, 2019, USCIS has granted 79, denied two, and one remains pending awaiting the petitioner's response to a NOID.

**Plaintiffs' Position:** Plaintiffs seek review of any file USCIS has not granted upon reconsideration of these petitions (except one as to which Defendants have explained in detail a valid basis for the denial). This would include the one recent denial and the pending case in which USCIS has issued a NOID. USCIS has explained that the most recent denial results from the applicant's marriage. Plaintiffs wish to see the file to ascertain whether the marriage occurred before or after USCIS would have approved the SIJS petition in the ordinary course of adjudication, had it not been applying the illegal and preliminarily enjoined policy disqualifying older juveniles. As to the pending petition, Plaintiffs wish to see the file to learn the basis for the NOID.

In an earlier phase of the case, the Court required Defendants to produce documents associated with petitions USCIS had declined to approve following reconsideration of a previous denial. Order of Sept. 26, 2019, at 3, ECF No. 34. As contemplated by the provision of that same Order quoted above, Plaintiffs seek similar review as to this tranche of petitions. Through the earlier review, the Parties identified some cases in which SIJ petitions had actually been approved. Plaintiffs' counsel confirmed these approvals with the immigration lawyers of the individual class members at issue, ensuring that the class members and their counsel knew of the approvals. In other

cases, Plaintiffs questioned potentially improper denials and sought corrective action.  In one case, this resulted in a SIJS approval for a juvenile now living in New Jersey but whose family court order came from Texas.[1]  Plaintiffs seek only to repeat this process under the Protective Order the Court entered on the Parties' consent on October 11, 2019, ECF No. 38.

**Defendants' Position:** Plaintiffs contend that production of the one recent denial out of the 82 cases is necessary because the previous production of denied petitions proved to be important. However, the previous production revealed no discrepancies with the Court's rulings in this case. The only important revelations Plaintiffs point to are the fact that some approved cases were included in the production of denials. However, this bears no relevance to the quality control check Plaintiffs seek to accomplish. Moreover, the concerns regarding two *non-class member* cases that were previously produced have been resolved. One of those cases was referred to Legal Aid Society of New York for possible relief under *R.F.M.* The other case involved a petitioner with an erroneously denied SIJ petition who never exhausted his administrative remedies by filing an appeal with the agency. If the petitioner

---

[1] This SIJS applicant had previously responded to an RFE/NOID from USCIS and explained that the Texas family court order was "SIGNED BEFORE applicant's 18th birthday," Response to RFE/NOID (April 20, 2018) (emphasis in original), but USCIS denied his petition anyway.  Defendants' arguments below notwithstanding, it is therefore doubtful that USCIS would have corrected itself on a motion for reconsideration or appeal absent the intervention of class counsel to explain that Texas law makes a court order effective on the date it is signed, not on the date it is filed.

had exhausted his administrative remedies, the agency decision would have been reconsidered irrespective of this lawsuit. Here, USCIS decided to reopen and approve despite the fact that the window for appeal had closed and that USCIS was not obligated to reopen and approve the non-class member's SIJ petition.

USCIS has already advised Plaintiffs that the denied case they seek for production was denied on statutory grounds because the petitioner was married.  USCIS has no discretion in such a denial and file production would serve no purpose since it is unrelated to the issues in this Class Action. Therefore, USCIS opposes the production of the most recent denial out of the 7 cases that were previously reported as pending.

Finally, Plaintiffs seek to review the NOID that is outstanding in connection with the one remaining pending case out of the group of 82. Plaintiffs fail to cite a reason as to why review of this predecisional correspondence would be necessary. USCIS reports that this individual is not a class member and that the NOID is in no part based on the New Jersey courts reunification authority. Therefore, USCIS opposes the production of the NOID that is currently pending a response from the petitioner in this case.

## The Court's Preliminary Injunction of July 3, 2019

**Paragraph 13**: *The Parties shall meet and confer to propose to the court by the date of the status conference set in ¶ 19 a system for providing notice to individuals who have filed 18+ SIJS Petitions. Such notice shall be designed*

*to inform such individuals of the contents of this Order and subsequent Orders of this Court pertaining to classwide relief.*

**Update:** The Parties have revised and shortened the proposed class notice, which they attach to this Joint Status Report as Exhibit A.  On January 6, the Parties finalized revisions to the Spanish translation, which is attached as Exhibit B.  Since the last conference and the Court's inquiry as to whether the notice would need to be translated to other languages, USCIS has reported that it does not have the ability to sort its data by petitioner's language, and as such, USCIS is not able to tell what languages are spoken by petitioners.  Thus, only a Spanish translation has been prepared to date.

At the status conference on November 22, 2019, the Court ordered USCIS to send mailed notice to a list of potential class members that excludes those whose SIJ petitions have been granted.  The Parties also propose to exclude the 13 petitioners whose files the Parties have reviewed, as described in paragraph 1, above.  USCIS confirms that it has created this list and that notice will be mailed by February 5, 2020.  The mailing list will be subject to the same limitations that have been discussed in previous court conferences, inasmuch as it may be over- or under-inclusive of the actual class size.  .

**Plaintiffs' Position:** Plaintiffs request that the mailing list be shared with them.  Class counsel have to date been communicating about this case with the lawyers they know of who offer regular representation to juveniles seeking SIJS.  Class counsel do not, however, have access to any comprehensive list of class members whose petitions remain pending.  Class

counsel need to know the names and addresses of class members for several reasons: to ensure that notices are effectively delivered to them; to confirm that those who may call class counsel in response to the notice are class members themselves, as opposed to family members or others in the same household; and to communicate directly with class members if that proves necessary at any point.

Defendants have pointed to no bona fide confidentiality concerns in sharing the names and addresses of potential class members with class counsel appointed by this Court.  As Plaintiffs pointed out in the Joint Status Report filed on September 16, 2019, the Privacy Act defines an "individual" subject to its protections as one who is "a citizen of the United States or an alien lawfully admitted for permanent residence."  5 U.S.C. § 552a(2).  SIJS applicants are neither.  Moreover, while Defendants claim below that the purpose of notice is "to provide potential *class members* with the means to contact class counsel *if they wish to be represented*," *infra* (second emphasis added), this is not the purpose in a Rule 23(b)(2) class, such as the one certified here, in which class members cannot opt out, and all are therefore clients of class counsel.  The purpose instead is to ensure that class members have notice of the litigation and know whom to contact to vindicate their rights.  Because class counsel in this case represent all class members without regard to opt-outs, Defendants cannot show any breach of confidentiality in sharing the class list with class counsel.  Plaintiffs note that the government agreed to share the class list with class counsel in the settlement agreement

-8-

reached in the parallel case in California. *J.L. v. Cuccinelli*, No. 5:18-cv-04914-NC, Settlement Agreement ¶ IV.E., ECF No. 211-2 (Oct. 25, 2019).

**Defendants' Position:** It is unclear why the Plaintiffs seek a copy of the mailing list and what information Plaintiffs seek, including potentially confidential personal information protected by privacy laws. To date, no court in any of the parallel SIJ class actions has ordered USCIS to produce a class mailing list to Plaintiffs' counsel prior to a final settlement, presumably due to the significant confidentiality concerns. In this case, Plaintiffs' counsel contends that they need to know the names and addresses of class members to ensure that notices are properly delivered to them. However, USCIS has repeatedly represented that it is complying with the Court's order requiring mailed notice and that it will complete mailed notice by February 5, 2020. There is no basis for oversight of USCIS' compliance with this Court's order. Secondly, Plaintiffs allege that they need the names and addresses of class members in order to ensure that class members who call them are, in fact, the petitioner, as opposed to family members in the same household. However, the class mailing list consists of *potential* class members, and the issue of whether a class member is who or she purports to be is not a dilemma that is unique to this case, but rather, it is a dilemma that is present every single time that an attorney speaks to a new potential client. Although Plaintiffs' seek a class list in order to directly reach out to potential class members, the point of class notice is to provide potential *class members* with the means to contact class counsel if they wish to be represented. Many of the individuals who will

receive notice may have already have retained counsel. It is up to potential class members to reach out to Class Counsel if they choose to upon receiving mailed notice.

**<u>Potential Settlement</u>**

The Parties have begun discussions about a possible settlement of this action and will advise the Court if they seek its assistance in settlement discussions.

January 29, 2020

Respectfully submitted,

s/ Catherine Weiss
Catherine Weiss
(cweiss@lowenstein.com)

LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500

Pro Bono Counsel for Plaintiffs
W.A.O., H.H.M.C., N.L.J., and
K.M.R.L., on behalf of themselves
and all others similarly situated

CRAIG CARPENITO
United States Attorney

s/ Enes Hajdarpasic
Enes Hajdarpasic
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 297-2046
Enes.Hajdarpasic@usdoj.gov
Counsel for Defendants