# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.O., H.H.M.C., N.L.J., and K.M.R.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, Acting Director, U.S. Citizenship and Immigration Services; KEVIN McALEENAN, Acting Secretary, U.S. Department of Homeland Security; ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Civil Action No.<br>2:19-cv-11696 (MCA)(MAH)<br><br><br><br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Text Order of May 27, 2020 (ECF No. 77), the Parties submit this joint status report. In the May 27th Order, the Court instructed the Parties to continue to try to resolve their disputes about the production of the files of 14 potential class members whose petitions for Special Immigrant Juvenile (SIJ) classification had been withdrawn or denied (the 14 Petitioners). The Parties here report on the outcome of their negotiations, as well as on the status of the 18 petitions as to which decisions were tolled under the Court's Order of February 20, 2020 (ECF

No. 56). The Parties also report on the outcome of the readjudication of the SIJ petition of class member L.M.Q.T.

For ease of reference, the Parties include each relevant issue below and provide the progress related thereto. The Parties are in agreement on each topic below.

**1. Production of Six Outstanding Files from among the 14 Petitioners**

On May 13, 2020, Defendants provided Plaintiffs a list of 14 potential class members whose applications for SIJ classification had been denied or withdrawn. This list included contact information for the petitioner and the petitioner's counsel, if any. Plaintiffs conducted significant outreach to these individuals, initially by either e-mail or phone. If these methods produced no response, Plaintiffs sent hardcopy mail as well. In those cases where Plaintiffs received no response, or no sufficient response, they reached out four to six times by different means over the period between May 13, when the list was produced, and June 12. As of June 12, Plaintiffs had received information sufficient to conclude that six denials and two withdrawals were unrelated to the issues in this case.

On June 15, Plaintiffs asked Defendants when the United States Citizenship and Immigration Services (USCIS) would be willing to produce the relevant documents from the files of the remaining six petitioners. On June 23, Defendants responded that USCIS would produce the six files in 30 days, on July 23. Plaintiffs have agreed to this schedule.

**2. Update regarding the 18 petitions that were tolled**

Of the 18 petitions as to which decisions were tolled under the Court's Order of February 20, 2020 (ECF No. 56), Defendants report that five have been denied; three have been approved; and ten remain pending. Defendants oppose production of the files of the five petitioners whose applications were denied. However, in lieu of production of files, USCIS has agreed to produce limited documents from those files, including the notice of denial and, in any case where the denial rested on the petitioner's failure to respond to a Request for Evidence (RFE) or Notice of Intent to Deny (NOID), USCIS has agreed to produce the RFE and/or NOID as well. Today, Defendant USCIS communicated this offer to Plaintiffs. Defendants offer to produce these documents as soon as reasonably possible and most likely within 30 days. However, as of the date of this report, USCIS personnel necessary to assure compliance within a certain period were unavailable. The Parties agree to meet and confer next week to set a date certain for this production. If the Parties cannot agree on a deadline, they will be in touch with the Court.

Plaintiffs have agreed to review these limited documents to ascertain whether they are sufficient to allay any concerns regarding Defendants' compliance with the orders of this Court. If any issues remain outstanding, the Parties will meet and confer further. Plaintiffs reserve their right to seek from the Court an order to compel the complete production of the relevant documents associated with any file of a petitioner whose SIJ application was not granted. Defendants reserve their right to oppose such production.

### 3. Readjudication of SIJ Petition of L.M.Q.T.

On March 17, Plaintiffs made a motion to compel USCIS to readjudicate the SIJ petition of class member L.M.Q.T. ECF Nos. 57, 58. On May 22, USCIS agreed to reopen and readjudicate her petition. ECF No. 75. In response to a recent inquiry from Plaintiffs, Defendants forwarded USCIS's June 9 approval of her SIJ petition. The dispute regarding L.M.Q.T. is therefore resolved.

The Parties agree to file another Joint Status Report on July 31, 2020.

June 26, 2020

Respectfully submitted,

s/ Catherine Weiss
Catherine Weiss
(cweiss@lowenstein.com)

LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500

Pro Bono Counsel for Plaintiffs
W.A.O., H.H.M.C., N.L.J., and K.M.R.L.,
on behalf of themselves
and all others similarly situated

CRAIG CARPENITO
United States Attorney

s/ Enes Hajdarpasic
U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 297-2046
Enes.Hajdarpasic@usdoj.gov
Counsel for Defendants