RACHAEL A. HONIG
Acting United States Attorney
ENES HAJDARPASIC
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel.: (973) 297-2046
Fax: (973) 297-2010
E-mail: enes.hajdarpasic@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.O., H.H.M.C., N.L.J., and K.M.R.L., on behalf of themselves and all others similarly situated, | HON. MADELINE COX ARLEO |
| *Plaintiffs*, | Civil Action No. 2:19-cv-11696 (MCA)(MAH) |
| v. | |
| TRACY L. RENAUD, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security; TERRI ROBINSON, Director, National Benefits Center, U.S. Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| | **DEFENDANTS' ANSWER** |
| *Defendants*. | |

Defendants, Tracy L. Renaud, Alejandro N. Mayorkas, Terri Robinson,

United States Department of Homeland Security, and United States Citizenship

and Immigration Services (collectively hereafter referred to as "Defendants"), by

their attorney, Rachael A. Honig, Acting United States Attorney for the District of

New Jersey, and Enes Hajdarpasic, Assistant United States Attorney, Answer the

Complaint (ECF No. 1) filed by Plaintiffs W.A.O., H.H.M.C., N.L.J., and

K.M.R.L., (collectively hereafter referred to as "Plaintiffs") as follows:

## **INTRODUCTION**

1.     This paragraph contains Plaintiffs' characterization of the case and

legal arguments for which no response is required; to the extent a response is

required, Defendants deny the allegations contained in this paragraph.

2.     This paragraph contains Plaintiffs' characterization of the case and

legal arguments for which no response is required; to the extent a response is

required, Defendants deny the allegations contained in this paragraph.  The

referenced statutes and regulations speak for themselves.

3.     This paragraph contains Plaintiffs' characterization of the case and

legal arguments for which no response is required; to the extent a response is

required, Defendants deny the allegations contained in this paragraph.

4.     This paragraph contains Plaintiffs' characterization of the case and

legal arguments for which no response is required. The referenced preliminary

injunction entered in *J.L. v Cissna*, 341 F. Supp. 3d 1048, 1071 (N.D. Cal. 2018)

speaks for itself. The referenced judgment entered in *R.F.M. v. Nielsen*, No. 18-CV-

5068 (JGK), 2019 WL 1219425 (S.D.N.Y. Mar. 15, 2019) speaks for itself.  The

referenced complaint for injunctive and declaratory relief in *Moreno Galvez v.

Cissna*, No. 2:19-cv-00321 (W.D. Wash. Mar. 5, 2019), speaks for itself. To the

extent a response is required, Defendants deny all other allegations.

5.　　This paragraph contains Plaintiffs' characterization of the case and legal arguments for which no response is required; to the extent a response is required, Defendants deny the allegations contained in this paragraph.

6.　　This paragraph contains Plaintiffs' characterization of the case and legal arguments for which no response is required; to the extent a response is required, Defendants deny the allegations contained in this paragraph.

## JURISDICTION AND VENUE

7.　　This paragraph is a statement of jurisdiction for which no response is required.

8.　　This paragraph is a statement of jurisdiction for which no response is required.

9.　　This paragraph is a statement of jurisdiction for which no response is required.

## PARTIES

### A.　Plaintiffs

10.　　Defendants admit that Plaintiff W.A.O. filed an I-360 petition for Special Immigrant Juvenile ("SIJ") classification that was received by U.S. Citizenship and Immigration Services ("USCIS") on December 29, 2016. Defendants further admit that W.A.O.'s SIJ petition was denied on September 7, 2018. However, Defendants deny that the petition is currently denied since it was subsequently approved on May 29, 2019, as a result of W.A.O.'s successful appeal to the USCIS Administrative Appeals Office ("AAO"). Defendants admit that the

Superior Court of New Jersey, Chancery Division, Family Part entered a revised, final order placing W.A.O. in the care and custody of his mother, E.P.O., and entered SIJ findings on his behalf.  The remaining allegations in this paragraph consist of Plaintiff's characterization of his claims, which require no response.

11.     Defendants admit that Plaintiff H.H.M.C. filed an I-360 petition for SIJ classification that was received by USCIS on June 12, 2017. Defendants further admit that H.H.M.C.'s SIJ petition was denied on January 28, 2019.  However, Defendants deny that the petition is currently denied since it was subsequently approved on July 16, 2019, as a result of H.H.M.C.'s successful appeal to the AAO. Defendants admit that the Superior Court of New Jersey, Chancery Division, Family Part placed him in the care and custody of his mother, O.C., and stepfather, R.P., and entered SIJ findings on his behalf. The remaining allegations in this paragraph consist of Plaintiff's characterization of his claims, which require no response.

12.     Defendants admit that on February 16, 2017, the Superior Court of New Jersey, Chancery Division, Family Part placed him in the care and custody of his older sister, A.L.J., and entered SIJ Findings on his behalf. Defendants admit that Plaintiff N.L.J. filed an I-360 petition for SIJ classification that was received by USCIS on March 29, 2017.  Defendants further admit that a Notice of Intent to Deny ("NOID") was issued in connection with N.L.J.'s SIJ petition on September 27, 2018.  Defendants note that the petition was subsequently approved on July 10, 2019.  The remaining allegations in this paragraph consist of Plaintiff's

characterization of his claims, which require no response.

13. Defendants admit that on May 22, 2017, the Superior Court of New Jersey, Chancery Division, Family Part placed him in the care and custody of his older brother, J.F.R.L., and entered SIJ Findings on his behalf. Defendants admit that Plaintiff K.M.R.L. filed an I-360 petition for SIJ classification that was received by USCIS on June 12, 2017. Defendants further admit that an NOID was issued in connection with K.M.R.L.'s SIJ petition in January 2019. Defendants note that K.M.R.L.'s SIJ petition was approved May 28, 2019. The remaining allegations in this paragraph consist of Plaintiff's characterization of his claims, which require no response.

## DEFENDANTS

### B. Defendants

14. Defendants deny that Lee Francis Cissna is the Director of USCIS and substitute Tracy Renaud, Senior Official Performing the Duties of the Director. Defendants admit that USCIS is an "agency" within the meaning of the Administrative Procedures Act ("APA"). The remainder of this paragraph contains Plaintiffs' characterization of the USCIS Director's function and responsibility, to which no response is required. The referenced statutes speak for themselves.

15. Defendants deny that Kevin McAleenan is the Acting Secretary of the Department of Homeland Security ("DHS") and substitute Alejandro Majorkas, the Secretary of Homeland Security. Defendants admit that USCIS is a component of DHS, admit that the Secretary is being sued in his official capacity, and that DHS is

an "agency" within the meaning of the APA.  The remainder of this paragraph contains Plaintiffs' characterization of the Secretary of Homeland Security's function and responsibility, to which no response is required.

16.     Defendants deny that Robert M. Cowan is the Director of the USCIS National Benefits Center ("NBC"), and substitute Terri Robinson. Defendants admit that Defendant Robinson is sued in her official capacity.  The remainder of this paragraph contains Plaintiffs' characterization of NBC's function and responsibility, to which no response is required.

17.     Defendants admit that DHS is an "agency" within the meaning of the APA and that DHS is the department within which Defendant USCIS adjudicates SIJ petitions.  Defendants admit that DHS operates within this district, with headquarters in Washington, D.C.

18.     Defendants admit that USCIS is an "agency" within the meaning of the APA and that USCIS reviews and adjudicates SIJ petitions.  Defendants admit that USCIS operates within this district, with headquarters in Camp Springs, Maryland.

## BACKGROUND

**I.     [ALLEGATION] THAT THE SIJS STATUTE GRANTS HUMANITARIAN RELIEF TO VULNERABLE IMMIGRANT CHILDREN UNDER THE AGE OF 21 WHO HAVE BEEN PLACED IN THE CUSTODY OF AN INDIVIDUAL OR AGENCY APPOINTED BY A STATE JUVENILE COURT.**

**A.     The [Alleged] History and Expansion of the SIJS Statute and the Promulgation of the Regulations**

19.     This paragraph consists of legal conclusions for which no response is required. The referenced regulation speaks for itself. To the extent a response is required, Defendants admit the allegations contained in this paragraph.

20.     This paragraph and corresponding footnote 1 consist of legal conclusions for which no response is required. The referenced statutes and regulations speak for themselves. To the extent a response is required, Defendants admit the allegations contained in this paragraph.

21.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. The referenced statutes and regulations speak for themselves and are the best evidence of their contents.

22.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. The referenced statute speaks for itself and is the best evidence of its contents.

23.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. The referenced statute speaks for itself and is the best evidence of its contents.

24.     This paragraph and corresponding footnotes 2 and 3 consist of legal conclusions for which no response is required. The referenced statute and agency memorandum speak for themselves and are the best evidence of their contents.

25.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. The

referenced statute speaks for itself and is the best evidence of its contents.

26.    This paragraph consists of legal conclusions and Plaintiffs' theory of the case for which no response is required. The referenced statute speaks for itself and is the best evidence of its contents.

**B.    [Allegation of] USCIS's Deference to State Courts**

27.    This paragraph consists of legal conclusions and Plaintiffs' theory of the case for which no response is required. The referenced statute speaks for itself and is the best evidence of its contents.

28.    This paragraph consists of legal conclusions for which no response is required. The referenced statute and policy manual speak for themselves. To the extent a response is required, Defendants admit the allegations contained in this paragraph, but note that the section of the policy manual cited has been amended and is now located at USCIS Policy Manual, Vol. 6, Part J. Ch. 2 D.

29.    This paragraph consists of legal conclusions for which no response is required. The referenced policy manual speaks for itself. To the extent a response is required, Defendants admit the allegations contained in this paragraph, but note that the section of the policy manual cited has been amended and is now located at USCIS Policy Manual, Vol. 6, Part J. Ch. 2 D.

**II.    [ALLEGATION THAT] THE NEW JERSEY FAMILY PART IS A "JUVENILE COURT" WITH JURISDICTION TO ISSUE SIJ FINDINGS FOR JUVENILES BETWEEN 18 AND 21 YEARS OF AGE.**

**A.    [Allegation that] The New Jersey Family Part Is a "Juvenile Court" Within the Meaning of the SIJS Regulations.**

-8-

30.     This paragraph consists of a legal conclusion for which no response is required. The referenced regulation speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants admit the allegations contained in this paragraph.

31.     This paragraph consists of legal conclusions for which no response is required. The referenced state constitution and state court rules speak for themselves and are the best evidence of their contents.

32.     This paragraph consists of a legal conclusion for which no response is required. The referenced state statutes speak for themselves and are the best evidence of their contents.

33.     This paragraph consists of a legal conclusion for which no response is required. The referenced judicial holdings speak for themselves and are the best evidence of their contents.

**B.   [Allegation that] The New Jersey Family Part Has Jurisdiction to Make Custody and Care Determinations for Unemancipated Juveniles Between the Ages of 18 and 21.**

34.     This paragraph consists of a legal conclusion for which no response is required.  To the extent a response is required, Defendants admit the allegation contained in this paragraph.

35.     This paragraph consists of legal conclusions for which no response is required. The referenced judicial holdings and regulation speak for themselves and are the best evidence of their contents.

36.     This paragraph consists of a legal conclusion for which no response is

required. The referenced state statute and judicial holdings speak for themselves and are the best evidence of their contents.

37.     This paragraph consists of legal conclusions for which no response is required. The referenced judicial holdings speak for themselves and are the best evidence of their contents.

### III.   [ALLEGATION THAT] USCIS IS IMPERMISSIBLY DELAYING AND DENYING SIJS PETITIONS BASED ON THE IMPOSITION OF REQUIREMENTS THAT ARE CONTRARY TO THE SIJS STATUTE AND VALID PORTIONS OF THE SIJS REGULATIONS.

### A.   USCIS Unlawfully Imposed New SIJS Eligibility Requirements

38.     This paragraph consists of Plaintiffs' theory of the case and characterization of the facts for which no response is required. To the extent that a response is required, Defendants deny the allegation.

39.     Defendants admit that in late 2016, USCIS consolidated SIJS adjudications, which had previously been handled by field offices throughout the country, in the USCIS National Benefits Center.

40.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. To the extent a response is required, Defendants admit there was a pause in adjudicating SIJ petitions pending legal guidance on the statutory requirements. Defendants otherwise deny the allegations in this paragraph.

41.     Defendants admit that due to adjudicatory inconsistencies, in February 2018, USCIS's legal counsel issued internal, legal guidance clarifying the issue of what a valid juvenile court order is for purposes of establishing SIJ

eligibility.  Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

42.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. The referenced statute and regulation speak for themselves and are the best evidence of their contents. Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief.

43.     Plaintiffs' allegation that the "OCC Guidance was not made public" is unclear. Defendants admit that USCIS's internal, legal guidance was not published on its website.  The remainder of this paragraph consists of Plaintiffs' theory of the case for which no response is required.  Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

44.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. To the extent that a response is required, USCIS admits that Jonathan Withington was quoted on behalf of USCIS in the April 18, 2018 *New York Times* article, but deny the remaining allegations and characterizations of his statements contained in this paragraph.

45.     This paragraph consists of legal conclusions and Plaintiffs' theory of the case and characterization of the facts for which no response is required. To the extent that a response is required, USCIS admits that spokesperson Jonathan Withington was quoted on behalf of USCIS on April 24, 2018, but deny the

remaining allegations and characterizations of his statements contained in this paragraph.

46.    This paragraph consists of legal conclusions for which no response is required. The reference to the USCIS Consolidated Handbook of Adjudication Procedures (CHAP) speaks for itself.

47.    Defendants admit that USCIS denied SIJ petitions for certain SIJ petitioners between 18-21 years of age, but deny that they were in violation of statute or regulations. Defendants admit that USCIS issued a NOID and denial to W.A.O., and a NOID to K.M.R.L. The quotation from USCIS' decision denying W.A.O.'s petition speaks for itself and no response is required.  Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

48.    This paragraph consists of legal conclusions for which no response is required.  The referenced preliminary injunction entered in *J.L. v Cissna*, 341 F. Supp. 3d 1048, 1071 (N.D. Cal. 2018) speaks for itself. The referenced complaint for injunctive and declaratory relief in *Moreno Galvez v. Cissna*, No. 2:19-cv-00321 (W.D. Wash. Mar. 5, 2019), speaks for itself.  Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

**B.    [Allegation that]  USCIS Contravenes Federal Law by Categorically Disqualifying from SIJS Those Juveniles in New Jersey Who Petition Based on Family Part Orders Entered Between Their 18th and 21st Birthdays.**

49.    This paragraph consists of legal conclusions for which no response is required.  Defendants deny that any violations of law occurred and deny that

Plaintiffs are entitled to any relief whatsoever.

50.     This paragraph consists of legal conclusions for which no response is required.  The referenced statute speaks for itself and is the best evidence of its contents.  Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

51.     This paragraph consists of legal conclusions for which no response is required.  The referenced statute speaks for itself and is the best evidence of its contents.  Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

52.     This paragraph consists of legal conclusions for which no response is required.  The referenced regulation speaks for itself and is the best evidence of its contents.  Defendants deny that any violations of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

53.     This paragraph contains Plaintiffs' characterization of their case and legal arguments, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph. The referenced regulations and statutes speak for themselves.

54.     This paragraph contains Plaintiffs' characterization of their case and legal arguments, to which no response is required. The referenced regulations and statute speak for themselves.

## C.   [Allegation that]  USCIS Fails to Defer to State Courts' Child Welfare Determinations As Required by Federal Law.

55.     This paragraph sets forth Plaintiffs' characterizations and legal

conclusions, which require no response. The referenced statutes and USCIS Policy Manual speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny the allegations in this paragraph.

56.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, which require no response. The referenced statutes and CHAP speak for themselves and are the best evidence of their contents, but Defendants note that the cited content from the policy manual concerning the reunification authority requirement has been superseded and removed from CHAP, Vol. 6, Part D, ch A. 1. To the extent a response is required, Defendants deny the allegations in this paragraph.

57.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, which require no response. The referenced statutes and judicial holdings speak for themselves and are the best evidence of their contents.

58.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, which require no response. The referenced AAO administrative decision speaks for itself and is the best evidence of its contents.

## IRREPARABLE HARM

59.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

60.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

61.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

62.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants deny that Plaintiff W.A.O.'s SIJ petition is currently denied, and lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

63.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants deny that Plaintiff H.H.M.C. has a denied SIJ petition, and note that his SIJ petition has been granted. Defendants further lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

64.     This paragraph sets forth Plaintiffs' characterizations and legal

conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

65.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants deny that Plaintiff N.L.J. has a denied SIJ petition, and lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

66.     Defendants admit that the Family Part placed N.L.J. in the custody of his older sister. The remainder of this paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

67.     This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants deny that Plaintiff K.M.R.L is in removal proceedings or has a denied SIJ petition, and lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

68.     Defendants admit that the Family Part placed K.M.R.L. in the custody

of his older brother. The remainder of this paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny.

69.    This paragraph sets forth Plaintiffs' characterizations and legal conclusions, and characterization of the facts for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations on this paragraph, and on this basis, Defendants deny. The memo referenced by Plaintiffs, *Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Deportable Aliens*, Point V, at 7 (June 28, 2018), was rescinded pursuant to January 20, 2021 memo issued by the Department of Homeland Security entitled  "Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities."

70.    This paragraph sets forth Plaintiffs' legal conclusions and characterization of the facts for which no response is required.

71.    This paragraph sets forth Plaintiffs' legal conclusions and characterization of the facts for which no response is required.

72.    This paragraph sets forth Plaintiffs' legal conclusions and characterization of the facts for which no response is required.

73.    This paragraph sets forth Plaintiffs' legal conclusions and characterization of the facts for which no response is required.

74.     This paragraph sets forth Plaintiffs' legal conclusions and characterization of the facts for which no response is required.

## CLASS ACTION ALLEGATIONS

75.     This paragraph consists of legal conclusions to which no response is required. The referenced Federal Rules of Civil Procedure speak for themselves.

76.     This paragraph contains Plaintiffs' characterization of their case and legal arguments, to which no response is required. Insofar as a response is required, Defendants deny the allegations contained in this paragraph.

77.     This paragraph contains Plaintiffs' characterization of their case and legal arguments, to which no response is required. Insofar as a response is required, Defendants deny the allegations contained in this paragraph.

78.     This paragraph contains Plaintiffs' characterization of their case and legal arguments, to which no response is required. Insofar as a response is required, Defendants deny the allegations contained in this paragraph.  The referenced Federal Rule of Civil Procedure speaks for itself.

79.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, Defendants deny them.

## ALLEGED CLAIMS FOR RELIEF

### COUNT ONE
### ADMINISTRATIVE PROCEDURE ACT—[ALLEGED TO BE] NOT IN ACCORDANCE WITH THE LAW

80.     Defendants repeat and re-allege the answers to paragraphs 1 through

79 of the Complaint as if fully set forth herein.

81. This paragraph consists of legal conclusions to which no response is required. The referenced statute speaks for itself. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

82. This paragraph consists of legal conclusions to which no response is required. The referenced case law and statute speak for themselves. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

83. This paragraph consists of legal conclusions to which no response is required. The referenced statute speaks for itself.

84. This paragraph consists of legal conclusions to which no response is required. The referenced statutes speak for themselves. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

85. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

86. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

## COUNT TWO
## ADMINISTRATIVE PROCEDURE ACT—[ALLEGEDLY] ARBITRARY AND CAPRICIOUS ACTION

87. Defendants repeat and re-allege the answers to each and every

allegation contained in the preceding paragraphs as if fully set forth herein.

88.     This paragraph consists of legal conclusions to which no response is required. The referenced statute speaks for itself.

89.     This paragraph consists of legal conclusions to which no response is required.    To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

90.     This paragraph consists of legal conclusions to which no response is required.    The referenced statute speaks for itself.    To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

91.     This paragraph consists of legal conclusions to which no response is required.    To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

92.     This paragraph consists of legal conclusions to which no response is required.    To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

93.     This paragraph consists of legal conclusions to which no response is required.    To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

## COUNT THREE
## ADMINISTRATIVE PROCEDURE ACT—[ALLEGED] FAILURE OF NOTICE-AND-COMMENT RULEMAKING

94.     Defendants repeat and re-allege the answers to each and every allegation contained in the preceding paragraphs as if fully set forth herein.

95.     This paragraph consists of legal conclusions to which no response is required.   The referenced statute speaks for itself.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

96.     Defendants admit that USCIS is an "agency" under the APA. The rest of this paragraph consists of legal conclusions to which no response is required.  The referenced statute speaks for itself.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

97.     This paragraph consists of legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

98.     This paragraph consists of legal conclusions to which no response is required.   The referenced statute speaks for itself.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

99.     This paragraph consists of legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

100.    This paragraph consists of legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

## COUNT FOUR
## ADMINISTRATIVE PROCEDURE ACT—[ALLEGED] CONSTITUTIONAL VIOLATION

101.    Defendants repeat and re-allege the answers to each and every

allegation contained in the preceding paragraphs as if fully set forth herein.

102.    This paragraph consists of legal conclusions to which no response is required.   The referenced statute speaks for itself.   To the extent that a response is required, Defendants deny that any violations of law occurred and deny the allegations contained in this paragraph.

103.    This paragraph consists of legal conclusions to which no response is required.   The referenced constitutional clause speaks for itself.

104.    This paragraph consists of legal conclusions to which no response is required.   The referenced constitutional clause speaks for itself.

105.    This paragraph consists of legal conclusions to which no response is required.   The referenced statutes and regulation speak for themselves.   To the extent that a response is required, Defendants deny that any violations of law occurred and deny the allegations contained in this paragraph.

106.    This paragraph consists of legal conclusions to which no response is required.   The referenced constitutional clause speaks for itself.   To the extent that a response is required, Defendants deny that any violations of law occurred and deny the allegations contained in this paragraph.

107.    This paragraph consists of legal conclusions to which no response is required.   The referenced constitutional clause speaks for itself.   To the extent that a response is required, Defendants deny that any violations of law occurred and deny the allegations contained in this paragraph.

## [ALLEGED] PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint is a prayer for various forms of relief. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**WHEREFORE**, the Court should enter judgment in favor of Defendants, and award Defendants such other relief as the Court deems proper.

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint not specifically admitted in this Answer. Defendants reserve the right to amend this Answer if further facts are developed or if errors in drafting this Answer are discovered.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8, should any subsequent discovery disclose facts that support those defenses. Separately and affirmatively, Defendants allege that:

### FIRST SEPARATE DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs' claims are moot.

### SECOND SEPARATE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which the Court may grant relief.

### THIRD SEPARATE DEFNSE

The Court lacks subject matter jurisdiction over the subject matter of all or some of the claims asserted in the Complaint.

RACHAEL A. HONIG
Acting United States Attorney

*s/ Enes Hajdarpasic*
ENES HAJDARPASIC
Assistant U.S. Attorney

Dated:  April 8, 2021
        Newark, NJ

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused to be served a copy of Defendants' Answer to the Complaint through the Court's Electronic Case Filing system on April 8, 2021, upon the following person:

Catherine Weiss, Esq.
Lowenstein Sandler, LLP
65 Livingston Avenue
Roseland, NJ 07068
*Attorney for Plaintiffs*

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Executed on this 8th day of April, 2021

*s/Enes Hajdarpasic*
ENES HAJDARPASIC
Assistant United States Attorney