# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| W.A.O., H.H.M.C., N.L.J., and K.M.R.L., on behalf of themselves and all others similarly situated, | Civil Action No. |
| | 2:19-cv-11696 (MCA) (MAH) |
| Plaintiffs, | |
| v. | |
| UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security; TERRI ROBINSON, Director, National Benefits Center, U.S. Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | **STIPULATION OF SETTLEMENT AND DISMISSAL** |
| Defendants. | |

Plaintiffs W.A.O., H.H.M.C., N.L.J., and K.M.R.L ("Plaintiffs"), on behalf of themselves and all Class Members, and Defendants Ur M. Jaddou, in her official capacity as the Director of U.S. Citizenship and Immigration Services; Alejandro N. Mayorkas, in his official capacity as Secretary of U.S. Department of Homeland Security; Teri Robinson, in her official capacity of Director of National Benefits Center, U.S. Citizenship and Immigration Services; United States Department of Homeland Security; and United States Citizenship and Immigration Services (collectively, "Defendants"), by and through their attorneys, hereby enter into this Settlement

Agreement on this 4th day of January, 2022, and effective upon the Effective Date defined below. Plaintiffs and Defendants are jointly referred to as the "Parties."

I.      RECITALS

*Filing*

A.      On April 29, 2019, Plaintiffs commenced this litigation against Defendants for declaratory and injunctive relief based on allegations that United States Citizenship and Immigration Services ("USCIS") relied on an extra-statutory eligibility requirement for Special Immigrant Juvenile ("SIJ") classification which Plaintiffs alleged was contrary to state and federal law and violated the Administrative Procedure Act ("APA").

B.      In support of their claims, Plaintiffs alleged that: (1) beginning sometime in 2018, Defendants unlawfully imposed a new SIJ eligibility requirement that violated 8 U.S.C. § 1101(a)(27)(J) ("SIJ Statute"); (2) pursuant to state law, to which federal law requires USCIS to defer, the Superior Court of New Jersey, Chancery Division, Family Part (the "Family Part") has jurisdiction to make the findings required by the SIJ Statute ("SIJ Findings"), including the power to order a juvenile over the age of 18 to return to the custody of a parent; and (3) USCIS's new requirement would disqualify Plaintiffs and Class Members from eligibility for SIJ classification.

*Preliminary Injunction*

C.      The Court entered a Preliminary Injunction on July 3, 2019 (ECF No. 20).  The Court made several conclusions of law, including:

(1)     Defendants' imposition of a new requirement for SIJ classification, and delay, denial, or revocation of Plaintiffs' and Class Members' SIJ petitions, violates the APA by (1) exceeding the agency's statutory authority under the Immigration and Nationality Act ("INA"), (2) usurping the authority granted to state courts by the INA, (3) depriving Plaintiffs and Class Members of due process of law, and (4) failing to follow prescribed procedures;

(2)     In adjudicating SIJ petitions, USCIS is required to defer to state courts on matters of state law;

(3)     The Family Part is a "juvenile court" for the purpose of making SIJ Findings; and

(4)     New Jersey law establishes the circumstances under which the Family Part is authorized to assert jurisdiction over a juvenile between his or her 18th and 21st birthday for the purpose of making SIJ Findings.

D.     The Court ordered, among other things, that USCIS shall not delay, deny, or revoke SIJ petitions on the ground that the Family Part lacks jurisdiction to make SIJ Findings as to juveniles who are between 18 and 21 years old, so long as New Jersey law establishes that the juvenile is subject to such jurisdiction.

_Class Certification_

E.     On September 17, 2019, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court certified the Class as:

Individuals who have filed or will file petitions for Special Immigrant Juvenile ("SIJ") classification based on New Jersey Family Part Orders that were entered between the petitioners' 18th and 21st birthdays, and whose SIJ petitions are, have been, or will be delayed, questioned, denied, or revoked on the ground that the Family Part lacks the authority, power, or jurisdiction to make the required child welfare findings as to petitioners in this age group.

Class Cert. Order at 6 (ECF No. 29).  Individuals who meet this definition are Class Members. The Court appointed Lowenstein Sandler LLP as Class Counsel.  _Id._

_Identification of Potential Class Members and Adjudication of Their SIJ Petitions_

F.     In a Joint Status Report ("JSR") filed on September 16, 2019 (ECF No. 28), Defendants identified 759 Potential Class Members, as defined in Section II.

-3-

G.      In compliance with a series of court orders and negotiated agreements throughout the litigation, USCIS reopened and readjudicated the petitions of Potential Class Members that had already been denied or revoked as of July 3, 2019, when the Preliminary Injunction was entered; reviewed all petitions with a pending RFE, NOID, or NOIR and withdrew those RFEs, NOID, or NOIRs that conflicted with the Preliminary Injunction; and reviewed and adjudicated all pending petitions.

H.      USCIS has adjudicated all SIJ petitions filed by Potential Class Members and had granted 715 of these petitions as of December 6, 2021.  Under the terms of a protective order and in compliance with periodic orders of the Court, USCIS shared relevant documents of Potential Class Members whose petitions were denied, withdrawn, or excluded so that Class Counsel could review the basis of the denial, withdrawal, or exclusion to ensure that it did not conflict with the preliminary injunction or other orders entered by the Court.  Class Counsel reviewed these documents; contacted individual immigration counsel for the petitioners when necessary and possible; and confirmed that most of the denials, withdrawals, and exclusions did not relate to issues in this litigation.  The Parties negotiated and resolved cases in which there were potential conflicts, and none of the final denials were determined to be in violation of the Court's July 3, 2019 Preliminary Injunction Order

I.      Accordingly, the Parties agree that Defendants have now adjudicated the SIJ petitions of all known Class Members or Potential Class Members without relying on the Challenged Policy in this litigation (as defined in Section II).

*Due Consideration of Settlement*

J.      Plaintiffs and Defendants, through counsel, have conducted discussions and arm's length negotiations regarding a compromise and settlement of the Action.

K.      This Agreement shall not be construed or deemed as an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings.

L.      Defendants deny all liability with respect to the Action, deny that they have engaged in any wrongdoing, deny the allegations in the Complaint, deny that they committed any violation of law, deny that they acted improperly in any way, and deny liability of any kind to the Plaintiffs or Class Members.  Nonetheless, Defendants have agreed to the settlement and dismissal of the Action with prejudice in order to: (i) avoid the substantial expense, inconvenience, and distraction of further protracted litigation, including trial and appeal; (ii) terminate the Action.

M.      Class Counsel and Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action is in the best interests of Class Members.

NOW, THEREFORE, it is hereby AGREED, by and among the Parties to this Settlement, through their respective attorneys, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Agreement, that the Settled Claims shall be compromised, settled, forever released, barred, and dismissed with prejudice, upon and subject to the following terms and conditions.

II.     DEFINITIONS

Capitalized terms in this Agreement shall be defined as follows:

**"Action"** means the civil action captioned *W.A.O, et al. v. Ur. M. Jaddou, et al.*, 2:19-cv-11696 (MCA) (MAH).

**"Agreement"** means this Class Action Settlement Agreement, including all exhibits.

**"Class Member(s)"** means individuals who have filed or will file petitions for Special Immigrant Juvenile ("SIJ") classification based on New Jersey Family Part Orders that were entered between the petitioners' 18th and 21st birthdays, and whose SIJ petitions are, have been, or will be delayed, questioned, denied, or revoked on the ground that the Family Part lacks the authority, power, or jurisdiction to make the required child welfare findings as to petitioners in this age group (18 to 21 years of age).  *See* Class Cert. Order at 6 (ECF No. 29).

**"Defendants"** means U.S. Citizenship and Immigration Services ("USCIS"); Department of

Homeland Security ("DHS"); Ur M. Jaddou, in her official capacity as Director, USCIS; Alejandro Mayorkas, in his official capacity as Secretary, DHS; and Terri Robinson, in her official capacity as Director, USCIS National Benefits Center; their predecessors and successors, their departments and agencies, and their past or present agents, employees, and contractors.

**"Challenged Policy"** or **"Policy Challenged in this Litigation"** means the policy Plaintiffs alleged in their Complaint (ECF No. 1) under which Defendants are purported to have delayed, questioned, denied, or revoked the SIJ petitions of Class Members on the ground that the Family Part lacks the authority, power, or jurisdiction to place a person between the ages of 18 and 21 in the custody of, or to order the reunification of such a person with, a parent or another responsible adult or entity.

**"Defendants' Counsel"** means Assistant U.S. Attorney Hajdarpasic or any subsequently designated responsible Assistant U.S. Attorney.

**"Effective Date"** means the date when all of the following shall have occurred: (a) entry of the Preliminary Approval of the Settlement Agreement; (b) approval by the Court of this Settlement Agreement, following notice to the Class and a fairness hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (c) entry by the Court of the Final Approval and Order approving the Settlement Agreement in all material respects and dismissing the case with prejudice with regard to all Settled Claims.

**"Execution"** of this Agreement means (1) signature by Class Counsel, and (2) signature by authorized representatives of Defendants, on the condition that the Court enters an Order of Final Approval of the Agreement.

**"Final Order"** means entry by the Court of an order substantially in the form of Exhibit C that grants final approval of this Agreement as binding upon the Parties and the Class Members, and dismisses the case, with prejudice respecting the Settled Claims.

**"NOID"** means Notice of Intent to Deny.

**"NOIR"** means Notice of Intent to Revoke.

**"Parties"** means Plaintiffs and Defendants.

**"PI"** means the Preliminary Injunction entered in this Action.

**"Potential Class Member(s)"** means applicants for SIJ classification whose petitions were pending at any time between January 1, 2018, and July 10, 2019; who were between the ages of 18 and 21 at the time of filing; and who listed a residential address in New Jersey.

**"Plaintiffs' Counsel" or "Class Counsel"** means Lowenstein Sandler LLP.

**"Presumed Class Member"** means applicants whose SIJ petitions were pending at any time between January 1, 2018, and July 10, 2019; who were between the ages of 18 and 21 at the time of filing such petitions; who listed a residential address in New Jersey; and whose SIJ petitions were approved as of December 6, 2021, excluding any Unidentified Potential Class Members.

**"RFE"** means Request for Evidence.

**"Settled Claims"** means all claims for relief that were brought on behalf of Class Members based on the facts and circumstances alleged in the Complaint.

**"SIJ"** means Special Immigrant Juvenile, as defined in 8 U.S.C. § 1101(a)(27)(J).

**"SIJ petition"** means a Form I-360, "Petition for Amerasian, Widow(er), or Special Immigrant," where a Special Immigrant Juvenile is one subset of petitioners who are eligible to file the Form I-360, as defined below:

1. Is present in the United States;

2. Is unmarried and less than 21 years of age;

3. Has been declared dependent upon a juvenile court in the United States, or whom such a court has legally committed to or placed under the custody of an agency or department of a state, or an individual or entity appointed by a state or juvenile court;

4. Has been the subject of a determination by a juvenile court in the United States that reunification with one or both of the juvenile's parents is not viable due to abuse, neglect, abandonment, or a similar basis under state law; and

5.      Has been the subject of administrative or judicial proceedings that determined that it would not be in the juvenile's best interest to be returned to the juvenile's or his or her parent's country of citizenship or nationality or last habitual residence.

**"Unidentified Potential Class Members"** means any persons (1) who received an order from the New Jersey Family Part on or before October 15, 2019; and (2) who filed a SIJ petition with USCIS on or by October 15, 2019, after turning 18 years old but prior to their 21st birthday, and (3) whose SIJ petitions were delayed, questioned, denied, or revoked on the ground that the Family Part lacks jurisdiction to make SIJ Findings as to juveniles who are between 18 and 21 years old; and (4) who were not previously identified by Plaintiffs or Defendants as a Class Member or Potential Class Member.

III.    AGREED UPON TERMS

A.      **Ongoing Compliance.**  Going forward, USCIS agrees not to delay, deny, question, or revoke the SIJ petitions of New Jersey applicants on the ground of the Challenged Policy. USCIS further acknowledges that the Court has made the following determinations in its July 3, 2019 Preliminary Injunction Order regarding the jurisdiction of the New Jersey Family Part based upon the law as it existed at that time.  USCIS's acknowledgement shall not be construed or deemed as a ratification of the Court's determinations.  Further, USCIS agrees that it will continue to apply the below determinations set forth in the Court's Order to all Class Members absent changes in relevant controlling law or regulations:

1.  In the context of a child custody proceeding, the Family Part must make findings establishing that the child remains dependent on a parent or caretaker.  Relevant factors include, but are not limited to, whether the juvenile is still in school, remains financially and emotionally dependent on a caretaker, and/or remains "within the parental 'sphere of influence and responsibility.'"  *A.E.C. v. P.S.C.*, 453 N.J. Super. 19, 28–29 (quoting *Filippone v. Lee*, 304 N.J. Super. 301, 308 (App. Div. 1997)).  Such findings establish that the juvenile is unemancipated, but New Jersey law does not require an explicit

declaration of non-emancipation so long as the Family Part makes underlying factual findings showing the juvenile's ongoing dependency.  *Id.* at 29 ("[T]o address the SIJ issue, we conclude that either a declaration of unemancipation or a custody order would justify the court in noting, for the purposes of an SIJ finding, that the child is 'dependent' on the court.").

2.   In the context of a juvenile in the foster care system, the Family Part retains jurisdiction over the child so long as abuse or neglect proceedings are instituted before the juvenile turns 18.  N.J. Stat. Ann. § 9:6-8.24 ("In determining the jurisdiction of the court under this act, the age of the child at the time the proceedings are initiated is controlling."); N.J. Stat. Ann. § 9:6- 8.21(c) (defining "[a]bused or neglected child" as one "less than 18 years of age").  If proceedings are begun before the juvenile turns 18, the juvenile remains under the jurisdiction of the Family Part, which is authorized to make or continue a foster or other placement after the juvenile turns 18, so long as the juvenile consents.  N.J. Stat. Ann. § 9:6-8.54(c); *see also* N.J. Stat. Ann. § 30:4C-2.3 (requiring the Department of Children and Families to provide continuing services to juveniles between the ages of 18 and 21 so long as the juvenile does not refuse and the commissioner determines "that a continuation of services would be in the individual's best interest and would assist the individual to become an independent and productive adult").  Thus, foster children whose abuse or neglect proceedings were initiated before their 18th birthdays remain subject to the Family Part's jurisdiction, including for custodial placements, after they turn 18, without any separate findings related to non-emancipation.

3.   In the context of a juvenile adjudicated as a delinquent, New Jersey law makes them wards of the State.  N.J. Stat. Ann. § 2A:4A-21(e) (providing "that children under the jurisdiction of the court are wards of the State, subject to the discipline and entitled to the protection of the State, which may intervene to safeguard them from neglect or injury

and to enforce the legal obligations due to them and from them").  Only a juvenile who commits an offense before the age of 18 is subject to a delinquency adjudication (as opposed to a criminal prosecution), N.J. Stat. Ann. § 2A:4A-22(a) (defining a "juvenile" for the purpose of delinquency adjudications as "under the age of 18 years"); *see also* N.J. Stat. Ann. § 2A:4A- 24(d), but once adjudicated as a delinquent, a young person remains subject to the jurisdiction of the Family Part throughout the term of the disposition (analogous to a criminal sentence), even after the youth turns 18 years old, N.J. Stat. Ann. § 2A:4A-45; *see also State v. S.T.*, 254 N.J. Super. 1 (App. Div. 1991) (holding that Family Part retains jurisdiction over youth who violated probation after turning 18); *In re K.F.*, 313 N.J. Super. 319 (App. Div. 1998) (upholding delinquency disposition ordering the Division of Youth and Family Services to pay for services for juvenile over 18, relying in part on authority granted by N.J. Stat. Ann. § 9:17B-3). Thus, the Family Part has jurisdiction over youth subject to delinquency dispositions after their 18th birthdays, without having to make separate findings of non-emancipation.

4. The jurisdiction of the Family Part over other juveniles between the ages of 18 and 21, and the court's authority to declare them dependent or place them in the custody of a responsible adult or agency, will depend on the context in which the case arises.  New Jersey law governs in establishing the authority of the Family Part to assume jurisdiction over a juvenile in this age group and to make the factual findings necessary for a subsequent SIJ petition.

**B.    Identification of and Remedies for Previously Unidentified Potential Class Members.**  The Parties acknowledge that there may be Class Members who have not been previously identified by Plaintiffs or Defendants, despite good faith efforts of the Parties to identify all Class Members.  Unidentified Potential Class Members may seek relief by the following means

-10-

within six months of the posting of the notice by Plaintiffs and Defendants pursuant to Section IV.B. of this Settlement Agreement:

1.     The petitioner shall contact Class Counsel.  If Class Counsel believes that the individual is a Class Member, then Class Counsel will inform Defendants' Counsel that they have a good faith reason to believe that the individual is a Class Member. Class Counsel will provide the name and A-number of the potential Class Member, and the I-360 receipt number.

2.     If Defendants adjudicate the case in accordance with all legal requirements as well as the PI and settlement agreement, the case will be considered resolved.  Should Plaintiffs believe that a case under this section is not adjudicated in accordance with the PI, Class Counsel shall submit a written response to Defendants' Counsel, and the Parties shall thereafter meet and confer.  After exhausting both requirements, Class Counsel may seek resolution before the Court.

**C.     Joint or Unopposed Motions.**

1.     **Continuances, Placement on Status Docket, or Administrative Closure.** Except as otherwise indicated in this subsection, Defendants shall join, or alternatively not oppose, a Motion for a Continuance, Placement on the Status Docket (where available), or Administrative Closure filed with the Executive Office for Immigration Review ("EOIR") by a Presumed Class Member who must wait for a priority date to become current. A Presumed Class Member making a Motion for a Continuance, Placement on the Status Docket, or Administrative Closure must cite to this Agreement in his or her Motion.

2.     **Termination of Removal Proceedings Without Prejudice.**  Defendants shall join, or, alternatively, not oppose a Motion to Terminate Removal Proceedings Without Prejudice filed with EOIR by a Presumed Class Member who has reached his or her priority date, except as otherwise indicated in this

subsection.   The Presumed Class Member must file his or her Motion to Terminate Removal Proceedings Without Prejudice within one year of reaching his or her priority date and must cite to this Agreement in his or her Motion

3. **Reopening Removal Proceedings.**   Except as otherwise indicated in this subsection, Defendants shall join, or alternatively, not oppose a Motion to Reopen Removal Proceedings, in conjunction with a Motion to Stay Removal (if any), filed with EOIR by a Presumed Class Member, provided that the Presumed Class Member has an approved SIJ petition but is subject to a previously entered removal order.  The Presumed Class Member must file his or her Motion to Reopen Removal Proceedings and any accompanying Motion to Stay Removal within one year of the Effective Date of this Agreement and must cite to this Agreement in his or her Motion.

4. **Circumstances in which Defendants May Decline to Join Motions.** Immigration and Customs Enforcement ("ICE") retains the discretion to oppose any Presumed Class Member's Motion enumerated in this subsection in the following circumstances:

    a. When the Presumed Class Member has been convicted of an aggravated felony as defined in INA § 101(a)(43) or convicted of an offense for which an element was active participation in a criminal street gang, as defined in 18 U.S.C. § 521(a), or is not younger than 16 years of age and intentionally participated in an organized criminal gang or transnational criminal organization to further the illegal activity of the gang or transnational criminal organization;

    b. When the Presumed Class Member engaged in or is suspected of engaging in terrorism or terrorism-related activities; has engaged in or is

suspected of engaging in espionage or espionage-related activities; or whose apprehension, arrest, or custody is otherwise necessary to protect the national security of the United States; or

c.   In extraordinary cases that do not do not fall within the enumerated categories above but are nonetheless national security or public safety risks.  In such cases, the ICE Chief Counsel of the relevant Office of the Principal Legal Advisor (OPLA) field location must approve ICE's opposition.

5.   Nothing in this section (III.C.) shall be interpreted to prevent Presumed Class Members from seeking, or to prevent Defendants from initiating or agreeing to, forms of relief from removal proceedings that are not explicitly outlined in this section.

**D.     Notice of Removal.**  Defendants shall provide no less than 14 days' notice to Class Counsel before executing a removal order against any Presumed Class Member. Defendants shall provide Class Counsel the name of the detention facility where the Presumed Class Member is detained and ICE's Newark outreach email address so that Class Counsel may request assistance in contacting the Presumed Class Member and ICE can appropriately route the communication request.  Defendants shall also provide the Presumed Class Member contact information for Class Counsel no less than 14 days before executing a removal order against the Presumed Class Member.   Notwithstanding the requirements of this section, the Parties acknowledge that Defendants lack authority to require a Presumed Class Member to communicate with Class Counsel.  If Class Counsel, having emailed ICE's Newark outreach email address or having reached out to the detention facility and identified themselves as Class Counsel and cited this litigation, is unable to communicate with the Presumed Class Member within three calendar days of the notice of removal, Class Counsel shall notify Defendants' Counsel, and the parties shall undertake reasonable efforts to resolve any communication issues.

IV.     NOTICE AND APPROVAL PROCEDURE

A.      **Preliminary Approval.**   As soon as practicable after the Execution of this Agreement, the Parties shall jointly move for a Preliminary Approval Order, substantially in the form of Exhibit A, preliminarily approving this Agreement and this settlement to be fair, just, reasonable, and adequate, approving the Notice of Proposed Settlement to Presumed Class Members, as described in Section IV.B., and setting a hearing to consider Final Approval of the Settlement, and any objections thereto.

B.      **Notice of Fairness Hearing.**   By the later of February 28, 2022, or five business days after the entry of the Preliminary Approval Order (unless otherwise modified by the Parties or by order of the Court), the Parties shall effectuate the following:

1.      Plaintiffs shall post a Notice of Proposed Settlement, Exhibit B, (in English and Spanish) on the Class Counsel website and the website of the New Jersey Chapter of the American Immigration Lawyers Association (NJ-AILA);

2.      Plaintiffs shall email a copy of the Notice of Proposed Settlement (in English and Spanish) to all members of the New Jersey Consortium for Immigrant Children, composed of the primary nonprofit organizations and law schools offering representation to immigrant children in New Jersey;

3.      Plaintiffs shall email the Notice of Proposed Settlement (in English and Spanish) to those lawyers who have made themselves known to Class Counsel as legal representatives of individual Presumed Class Members;

4.      USCIS shall post the Notice of Proposed Settlement (in English and Spanish) on USCIS's website on the "Legal Resources, Legal Settlement Notices" and the "Special Immigrant Juveniles" sections; and

5.      USCIS shall mail the Notice of Proposed Settlement (in English and Spanish) to all Presumed Class Members.

-14-

C. **Objections.** Any Presumed, Unidentified, or other Class Member who wishes to object to the settlement and/or be heard at the Final Approval hearing must submit a written notice of objection and/or request to be heard at the Final Approval Hearing, postmarked within 35 days after the Preliminary Notice Date (or such other deadline as the Court might order), by mailing the notice of objection and/or request to be heard to the Clerk of the Court for the District of New Jersey, or by filing the notice of objection and/or request to be heard with the Court. Each notice of objection or request to be heard must include: (1) the case name and number, (2) the Class Member's name, (3) the Class Member's current address and telephone number, or current address and telephone number of the Class Member's legal representative, and (4) an explanation of why the Class Member objects to the Settlement, including the grounds therefore, any supporting documentation, and the reasons, if any, for requesting the opportunity to appear and be heard at the Final Approval hearing.

D. **Opt-Outs.** Due to the nature of the relief offered to the Class Members, Class Members are not permitted to opt-out.

E. **Individual Immigration Remedies Preserved.** Nothing in this Agreement shall be construed as affecting any Class Member's right or interest in challenging or appealing the adjudication of his or her individual I-360, I-485, or I-765 Application for Employment Authorization, or challenging or appealing any removal order. Class Members expressly maintain the right to challenge and appeal the adjudication of such petitions and orders.

F. **Final Approval and Order.** At the Final Approval Hearing, the Parties shall jointly move for entry of the Final Approval and Order, substantially in the form of Exhibit C, granting final approval of this Agreement as fair, reasonable, adequate, and binding on all Class Members; overruling any objections to the Agreement; ordering that the terms be effectuated as set forth in this Agreement; dismissing all Claims in the Action with prejudice; and retaining jurisdiction to enforce this Agreement until termination of the Agreement consistent with Section VI.B. The Parties waive any appeal of the Final Approval and Order entered, so long as it is

substantially in the form of Exhibit C or the Parties expressly agree to any modifications to the Agreement.

       G.    **Notice of Final Approval and Order.** Not later than five business days after both the entry of Final Approval and Order (unless otherwise modified by the Parties or by order of the Court), and the final approval by both Parties of the form and content of Spanish and English versions of the Final Approval and Order, the Parties shall post and provide the Final Approval and Order (Exhibit C) to the same websites and distribution lists as set forth in Section IV.B.  In addition:

       1.    USCIS shall share with Class Counsel a partial service list, composed of those Presumed Class Members for whom no lawyer or accredited representative has filed a G-28 Notice of Entry of Appearance as Attorney or Accredited Representative with USCIS in connection with the Presumed Class Member's SIJ petition.  Class Counsel will assess the list and make whatever efforts they consider reasonable to reach out to Presumed Class Members on the list to explain the terms of the settlement.

       2.    Defendants shall create a summary explanation of the terms of this Agreement. Defendants shall ensure that the Final Approval and Order, this Agreement, and the summary explanation are shared with the personnel of the Office of the Principal Legal Advisor ("OPLA") and ICE Enforcement and Removal Operations within the Newark Area of Responsibility within 10 business days of the final approval of this Settlement. Defendants shall ensure that these employees understand their obligations under this Agreement.

V.     SETTLEMENT BASED ON COURT APPROVAL OF TERMS

       A.    This Settlement is subject to and contingent upon Court approval under Rule 23(e) of the Federal Rules of Civil Procedure.

B.      Except as otherwise provided herein, in the event the Agreement is terminated or modified in any material respect or fails to become effective for any reason, then the Agreement shall be without prejudice and none of its terms shall be effective or enforceable; the Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the Execution of this Agreement; and except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  In the event that the Agreement is terminated or modified in any material respect, the Parties shall be deemed not to have waived, not to have modified, and not be estopped from asserting any additional defenses or arguments available to them.  In such event, neither this Agreement nor any draft thereof, nor any negotiation, documentation, or other part or aspect of the Parties' settlement discussions, nor any other document filed or created in connection with this settlement, shall have any effect or be admissible in evidence for any purpose in the litigation or in any other proceeding, and all such documents or information shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and in any event only for the purposes of the litigation.

VI.     RETENTION OF JURISDICTION

A.      This Agreement shall become effective upon the Court's entry of the Final Approval and Order (Exhibit C).

B.      This court retains exclusive jurisdiction over this Agreement for the purpose of enforcing any of its provisions and terms, and the Court's retention of such jurisdiction shall be noted in the dismissal of this action.  The Agreement and the Court's exclusive jurisdiction to enforce the Agreement, both shall terminate automatically one (1) year following the six-month period described in Section III.B. of the Agreement.  Plaintiffs reserve the right to request that the Court extend its exclusive jurisdiction over the Agreement should Defendants breach this Agreement after the Court's entry of the Final Approval and Order (Exhibit C) until the termination of this Agreement.

C.     The Parties agree to work cooperatively and in good faith and agree to use their best efforts to effectuate the purposes of this Agreement and to resolve informally any differences regarding interpretation of and compliance with this Agreement before bringing such matters to the Court for resolution.

D.     The Parties shall have the right to seek from the Court relevant modifications of this Agreement to ensure that its purposes are fully satisfied, provided that any request for a modification has been preceded by good faith negotiations between the Parties.

VII.   RELEASES

A.     As of the Effective Date, Plaintiffs and Class Members, on behalf of themselves; their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, affiliates, and partners; and any persons they represent, by operation of any final judgment entered by the Court, shall have fully, finally, and forever released, relinquished, and discharged the Defendants of and from any and all of the claims in this Action, and Plaintiffs and Presumed Class Members shall forever be barred and enjoined from bringing or prosecuting any claims raised by Plaintiffs in this Action against any of the Defendants, and all of their past and present agencies, officials, employees, agents, attorneys, and successors.  This Release shall not apply to claims that arise or accrue after the termination of this Agreement.

B.     Nothing in this Agreement should be construed as establishing any right or interest in challenging an adverse SIJ petition adjudication, or any other DHS or USCIS action, decision, determination, order, form, instruction, training material, delay, or process or procedure, beyond those expressly provided herein or under law.

C.     In consideration of the terms and conditions set forth herein, Plaintiffs hereby release and forever discharge Defendants, and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known,

unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to the Action, including all claims that were asserted in the Action.

       D.     No Admission of Wrongdoing.  This Agreement, whether or not executed, and any proceedings taken pursuant to it:

       1.     shall not be construed to waive, reduce, or otherwise diminish the authority of the Defendants to enforce the laws of the United States against Presumed Class Members, consistent with the Constitution and laws of the United States and applicable regulations;

       2.     shall not be offered or received against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by the Plaintiffs or the validity of any claim that was asserted in the Action or in any litigation or the deficiency of any defense that has been or could have been asserted in the Action or of any liability, negligence, fault, or wrongdoing of the Defendants, or any admission by the Defendants of any violation of or failure to comply with the Constitution, law, or regulations; and

       3.     shall not be offered or received against the Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, Defendants may refer to it and rely upon it to effectuate the liability protection granted them hereunder.

VIII.   ATTORNEYS' FEES, COSTS, AND EXPENSES

Defendants agree to pay the following amounts in full satisfaction of any claim under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 et seq: $503,836.67 in attorneys' fees and $1,163.33 in costs.  Defendants will make attorneys' fees payments within 60 days after the Court enters the Final Approval and Order.  Separately, Defendants agree to submit Plaintiffs' request for $1,163.33 in costs to the Bureau of the Fiscal Service within 10 days after the Court enters the Final Approval and Order for payment from the Judgment Fund.

IX.   MISCELLANEOUS PROVISIONS

A.   **Best Efforts.** The Parties' counsel shall use their best efforts to cause the Court to grant Preliminary Approval of this Agreement and Settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the Settlement on the stated terms and conditions, and to obtain Final Approval of this Agreement and Settlement.

B.   **Time for Compliance.** The dates described herein refer to calendar days, unless otherwise stated.  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if had been performed on the day or within the period of time specified by or under this Agreement.

C.   **Entire Agreement.** The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement constitute the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any judicial or other proceeding, if any, involving the interpretation of this Agreement. Any amendment or modification of the Agreement must be in a writing signed by Class Counsel and Defendants' Counsel.

D.     **Advice of Counsel.** The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.

E.     **Binding Agreement.** This Agreement shall be binding upon and inure to the benefit of the Parties' respective heirs, successors, and assigns.

F.     **No Waiver.** The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

G.     **Requirement of Execution.** This Agreement shall be valid and binding as to Class Members and Defendants upon (1) signature by Class Counsel, and (2) signature by authorized representatives of Defendants, on the condition that the Court enters an order of Final Approval of the Agreement.

H.     **Execution in Counterparts.** This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

I.     **Extensions of Time.** The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time to carry out any of the provisions of this Agreement.

J.     **Interpretation and Enforcement of this Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties. The Court shall have, and after Final Approval shall retain, jurisdiction to enforce, interpret, and implement this Agreement as set forth in Section VI. Should any provision of this Agreement be declared illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term or provision shall be deemed not to be part of this Agreement.

January 4, 2022

s/ *Catherine Weiss*
Catherine Weiss
(cweiss@lowenstein.com)

LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, NJ 07068
(973) 597-2438

Pro Bono Counsel for Plaintiffs
W.A.O., H.H.M.C., N.L.J., and K.M.R.L.,
on behalf of themselves
and all others similarly situated

PHILIP R. SELLINGER
United States Attorney

s/ *J. Andrew Ruymann*
J. Andrew Ruymann
Assistant U.S. Attorney
Chief, Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2756
John.Ruymann@usdoj.gov
Counsel for Defendants

/s *Enes Hajdarpasic*
Enes Hajdarpasic
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 297-2046
Enes.Hajdarpasic@usdoj.gov
Counsel for Defendants