# EXHIBIT B

## Notice of Proposed Settlement
*W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J. [to be filled in by parties], 2022)

### *BACKGROUND*

*W.A.O. v. Jaddou* is a class action that was filed in federal court in New Jersey in 2019. A class action is a lawsuit filed on behalf of a large group of people, rather than on behalf of one person or a small group of people. In *W.A.O. v. Jaddou*, the plaintiffs (who brought the lawsuit) challenged the refusal of U.S. Citizenship and Immigration Services (USCIS) to grant Special Immigrant Juvenile ("SIJ") classification to certain individuals between 18 and 21 years of age.

SIJ classification is a form of immigration relief for applicants (up to age 21) who have appeared in state family court for some reason related to their care and welfare (for example, in child custody, adoption, foster care, or juvenile delinquency proceedings). In these proceedings, the state family court may make certain findings, including (1) that the applicant cannot be safely reunified with their parents because of abuse, neglect, abandonment, or something similar, and (2) that it would not be in the best interest of the applicant to be returned to their home country. Based on these findings, the young person may apply to USCIS for SIJ classification.

In *W.A.O. v. Jaddou*, the plaintiffs claimed that USCIS had a policy of disqualifying 18-21-year-old applicants from SIJ classification (the "Challenged Policy"). In particular, the plaintiffs claimed that USCIS was delaying, questioning, denying, and revoking the SIJ petitions of 18-21-year-old applicants because USCIS believed that the New Jersey Family Court did not have the power to order a person in this age group to be reunified with, or placed in the custody of, a parent or another responsible adult or entity.

In July 2019, the federal District Court for the District of New Jersey ordered USCIS to stop applying the Challenged Policy. USCIS followed the Court's order and has since approved the petitions of 715 applicants whose SIJ petitions were pending at any time between January 1, 2018, and July 10, 2019; who were between the ages of 18 and 21 at the time of filing; and who listed a residential address in New Jersey. USCIS has also denied some SIJ petitions filed by individuals who fell within the above criteria, but the plaintiffs' lawyers have reviewed these denials and determined that they were not based on the Challenged Policy. It is also possible that, through no fault of the parties, some applicants who met the above criteria for help under the Court's decision were not identified. Their rights as Unidentified Potential Class Members are described below.

### *SETTLEMENT*

The parties to this case have reached a proposed settlement agreement. This notice summarizes the main points you need to understand.

1. **Who is protected by the settlement?**

    a. "**Presumed Class Members**." You are a Presumed Class Member if:

    i. Your SIJ petition was pending at any time between January 1, 2018, and July 10, 2019, AND
    ii. You were between your 18th and 21st birthday when you filed your SIJ petition, AND
    iii. You listed a residential address in New Jersey, AND
    iv. Your SIJ petition was granted as of December 6, 2021, AND
    v. You are not an Unidentified Potential Class Member (see below).

  b. **Unidentified Potential Class Members.** You are an Unidentified Potential Class Member if:
    i. You received an order from the New Jersey Family Court on or before October 15, 2019, AND
    ii. You filed your SIJ petition with USCIS on or before October 15, 2019, AND
    iii. You were between your 18th and 21st birthdays when you filed your SIJ petition, AND
    iv. USCIS delayed, questioned, denied, or revoked your SIJS petition on the basis of the Challenged Policy, AND
    v. The parties to this case have not previously identified you as a member of the class or potential member of the class.

**2. Can the government enforce the Challenged Policy?**

No. The government has agreed not to disqualify SIJ applicants who are between their 18th and 21st birthdays on the ground that the New Jersey Family Court lacks the power to place them in the care or custody of a parent or other adult or entity. The government agrees that New Jersey law governs the exercise of jurisdiction (what the court has the power to do) by the New Jersey Family Court.

**3. If I am an Unidentified Potential Class Member, how can I get help?**

If you think you meet the definition of an Unidentified Potential Class Member (see above, Question 1.b.), you should call Class Counsel at the law firm of Lowenstein Sandler. Please call **973-422-2972**. We will help you figure out whether you are protected by the settlement, and we'll help you get protection if you are.

**4. If I am a Presumed Class Member, how can I get help?**

  a. **SIJ Approval.** If you are a Presumed Class Member (see above, Question 1.a.), you will already have received significant help. USCIS has already approved your SIJ petition on a schedule set by the federal court to ensure compliance with the preliminary injunction.

  b. **Ongoing Removal Proceedings.** Even though your SIJ petition has been approved, you may still be in removal proceedings while you wait for your "priority date" to arrive so that you can apply for lawful permanent residency (a green card).

If that is your situation, and you are still in removal proceedings in immigration court, the settlement protects you in a several ways.

i. **Continuances, Placement on Status Docket, or Administrative Closure.** Except in some circumstances (see below), the government will join, or will not oppose, a motion you file in immigration court or the Board of Immigration Appeals (BIA) for a continuance, placement on the status docket, or administrative closure. These kinds of motions will give you time to wait for your priority date to become current so that you can apply for a green card. You will need to cite the settlement agreement in the motion. Here is what you can write: "I am a member of the Presumed Class in *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J.), and I am protected by the settlement in that case."

ii. **Termination of Removal Proceedings Without Prejudice.** Except in certain circumstances (see below), the government will join, or will not oppose, a motion you file in immigration court or the BIA to terminate removal proceedings without prejudice. If this motion is granted, the immigration court will end your removal proceedings, but the government will be able to refile against you if you do something that makes you ineligible for a green card. If you file this motion, you must do so within one year of reaching your priority date, and you must cite the settlement agreement in the motion. Here is what you can write: "I am a member of the Presumed Class in *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J.), and I am protected by the settlement in that case. I reached my priority date on [date], less than one year ago."

iii. **Reopening Removal Proceedings.** Except in certain circumstances (see below), the government will join, or will not oppose, a motion you file in immigration court or the BIA to reopen your case. You will want to file a motion to reopen if the immigration court entered a removal order against you, but you now have an approved SIJ petition. The purpose of the motion is to ask the immigration court or the BIA to vacate (cancel) the removal order. If you make this kind of motion, you would also usually ask for a stay of removal (a temporary order preventing your removal) so that the government does not remove you while your motion to reopen is pending. Except in certain circumstances, the government will join, or will not oppose, motions for stays of removal made in connection with motions to reopen. If you make these kinds of motions, you must do so within one year of the final settlement in this case, and you must cite the settlement agreement in your motion(s). Here is what you can write: "I am a member of the Presumed Class in *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J.), and I am protected by the settlement in that case. I am filing this motion on [date], less than one year after the final settlement in that case."

iv. **Circumstances in which Defendants May Decline to Join Motions.** The government may decline to join, or may oppose, a Presumed Class Member's motion in the following circumstances:

- When the Presumed Class Member has been convicted of an aggravated felony as defined in INA § 101(a)(43) or convicted of an offense for which an element was active participation in a criminal street gang, as defined in 18 U.S.C. § 521(a), or is not younger than 16 years of age and intentionally participated in an organized criminal gang or transnational criminal organization to further the illegal activity of the gang or transnational criminal organization; OR

- When the Presumed Class Member engaged in or is suspected of engaging in terrorism or terrorism-related activities; has engaged in or is suspected of engaging in espionage or espionage-related activities; or whose apprehension, arrest, or custody is otherwise necessary to protect the national security of the United States; OR

- In extraordinary cases that do not do not fall within the enumerated categories above but are nonetheless national security or public safety risks. In such cases, the ICE Chief Counsel of the relevant Office of the Principal Legal Advisor (OPLA) field location must approve ICE's opposition.

c. **Other forms of immigration relief.** You are free to seek, and the Defendants are free to initiate or accept, other forms of immigration relief not explicitly outlined above.

d. **Challenges or appeals in your immigration case.** Nothing in the settlement affects in any way your right to challenge or appeal the adjudication of your SIJ petition, your application for a green card, your application for work authorization, or any other immigration application you may file. Similarly, nothing in the settlement affects your right to challenge or appeal a removal order entered against you. You are free to make whatever challenges or appeals you like in your individual immigration case or proceedings.

5. **If I am a Presumed Class Member and I am being removed, how can I get help?**

If you believe you are a Presumed Class Member and the government is trying to remove you, you should contact your individual immigration lawyer, if you have one. You should *also* call Class Counsel at the law firm of Lowenstein Sandler. Please call **973-422-2972**. The government should give you this same number again at least 14 days before you are removed. The government will also give Class Counsel notice at least 14 days before your scheduled removal, and we will try to contact you. We will work with you to figure out whether you are protected by the settlement and how to help.

## *APPEARANCES AND OBJECTIONS*

You may want to appear at the settlement hearing and/or object to this proposed settlement. The settlement hearing will be at **[to be filled in by parties]** a.m./p.m. on **[to be filled in by parties]**, 2022, at **[to be filled in by parties]**.

If you would like to appear or object, you will need to let the court know this. You must send a request to be heard or a written notice of objection to the court within 35 days of today, which is **[to be filled in by parties], 2022**.

You can send the request or notice in either or both of two ways:

- By mail to this address:

  Clerk of the Court
  Martin Luther King Building & U.S. Courthouse
  50 Walnut Street, Room 4015
  Newark, NJ 07101

- By filing electronically, but you'll need a lawyer to help with that.

Your request to be heard or notice of objection should include the following information:

- The case name and number:
  *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (MCA) (MAH)

- Your name

- Your address and telephone number, or the address and telephone number of your lawyer

- An explanation of why you want to be heard or why you want to object

You can only say anything you may want to say about the proposed settlement by sending a request to appear or a notice of objection. You cannot opt out of the settlement. If the Court approves of the settlement at the hearing, it will become final.

# Notificación sobre Propuesta de Acuerdo
*W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J. [para completar por las partes], 2022)

### *TRASFONDO*

*W.A.O. v. Jaddou* es una demanda colectiva presentada en el tribunal federal en Nueva Jersey en 2019.  Una demanda colectiva es una demanda presentada en nombre de un gran grupo de personas, en lugar de en nombre de una sola persona o un grupo pequeño de personas.  En el caso *W.A.O. v. Jaddou,* los demandantes (quienes presentaron la demanda) impugnaron la negativa del Servicio de Ciudadanía e Inmigración de los Estados Unidos (USCIS) a otorgar la clasificación de Joven Inmigrante Especial (SIJ) a ciertas personas entre 18 y 21 años de edad.

La clasificación SIJ es una forma de alivio migratorio para solicitantes (de hasta 21 años de edad) que han comparecido en un tribunal de familia estatal por alguna razón relacionada con su cuidado y bienestar (por ejemplo, en custodia de menores, adopción, cuidado de crianza, o procedimientos judiciales de delincuencia juvenil).  En estos procedimientos, el tribunal de familia estatal puede hacer ciertas conclusiones, incluidas (1) que el solicitante no puede reunirse de manera segura con sus padres debido a abuso, negligencia, abandono o algo similar, y (2) que no sería en el mejor interés del solicitante ser devuelto a su país de origen.  A base de estas conclusiones, el joven podría solicitar a USCIS la clasificación SIJ.

En el caso *W.A.O. v. Jaddou*, los demandantes afirmaron que USCIS tenía una política de descalificar a los solicitantes de 18 a 21 años de edad de la clasificación SIJ (la "política impugnada").  En particular, los demandantes afirmaron que USCIS estaba retrasando, cuestionando, denegando y revocando las peticiones SIJ de solicitantes de 18 a 21 años de edad debido a que USCIS creía que el Tribunal de Familia de Nueva Jersey no tenía el poder de ordenar que una persona en este grupo de edades se reuniera con, o se le colocara bajo la custodia de, un padre u otro adulto o entidad responsable.

En julio de 2019, el Tribunal federal de Distrito para el Distrito de Nueva Jersey ordenó a USCIS dejar de aplicar la política impugnada. USCIS acató la orden del tribunal y desde entonces ha aprobado las peticiones de 715 solicitantes cuyas peticiones SIJ estaban pendientes entre el 1 de enero de 2018 y el 10 de julio de 2019; cuyas edades estaban entre los 18 y 21 años al momento de presentar la petición; y que listaron una dirección residencial en Nueva Jersey. USCIS también ha denegado algunas peticiones SIJ presentadas por personas que se encontraron
dentro de los criterios anteriores, pero los abogados de los demandantes han revisado estas denegaciones y determinaron que no estaban basadas en la política impugnada.  También es posible que, sin culpa de las partes, no se haya identificado a algunos solicitantes que cumplían con los criterios de ayuda descritos arriba en virtud de la decisión del Tribunal.  Los derechos de ellos como Posibles Miembros No Identificados del Colectivo de Demandantes se describen a continuación.

### *ACUERDO*

Las partes de este caso han alcanzado una propuesta de acuerdo de conciliación.  Esta notificación resume los puntos principales que usted necesita entender.

1. **¿Quién está protegido por el acuerdo?**

   a. **Presuntos Miembros del Colectivo de Demandantes**. Usted es un Presunto Miembro del Colectivo de Demandantes ("miembro de la clase") si:
      i. Su petición SIJ estaba pendiente en cualquier momento entre el 1 de enero de 2018 y el 10 de julio de 2019, Y
      ii. Usted tenía entre 18 y 21 años cuando presentó su petición SIJ, Y
      iii. Usted había incluido una dirección residencial en Nueva Jersey, Y
      iv. Su petición SIJ fue concedida al 6 de diciembre de 2021, Y
      v. Usted no es un Posible Miembro No Identificado del Colectivo de Demandantes (ver más abajo).

   b. **Posibles Miembros No Identificados del Colectivo de Demandantes.** Usted es un Posible Miembro No Identificado del Colectivo de Demandantes si:
      i. Recibió una orden del Tribunal de Familias de Nueva Jersey en o antes del 15 de octubre de 2019, Y
      ii. Presentó su petición SIJ con USCIS en o antes del 15 de octubre de 2019, Y
      iii. Tenía entre 18 y 21 años de edad cuando presentó su petición SIJ, Y
      iv. USCIS retrasó, cuestionó, denegó o revocó su petición SIJ a base de la política impugnada, Y
      v. Las partes de este caso no lo han identificado a usted anteriormente como un miembro del colectivo de demandantes o un posible miembro del colectivo de demandantes.

2. **¿Puede el gobierno hacer cumplir la política impugnada?**

   No.  El gobierno ha acordado no descalificar a los solicitantes de SIJ que están entre las edades de 18 y 21 años sobre la base de que el Tribunal de Familia de Nueva Jersey carece del poder para ponerlos bajo el cuidado o custodia de un padre u otro adulto o entidad.  El gobierno está de acuerdo en que la ley de Nueva Jersey rige el ejercicio de la jurisdicción (lo que el tribunal tiene el poder de hacer) por parte del Tribunal de Familia de Nueva Jersey.

3. **¿Cómo puedo obtener ayuda si soy un Posible Miembro No Identificado del Colectivo de Demandantes?**

   Si usted piensa que cumple con la definición de Posible Miembro No Identificado del Colectivo de Demandantes (vea la pregunta 1.b., arriba), debe llamar a los abogados del colectivo de demandantes ("class counsel", en inglés) en el bufete de abogados Lowenstein Sandler.  Por favor, llame al **973-422-2972**.  Le ayudaremos a determinar si está protegido por el acuerdo, y le ayudaremos a obtener protección si lo está.

4. **¿Cómo puedo obtener ayuda si soy un Presunto Miembro del Colectivo de Demandantes?**

a. **Aprobación de SIJ.** Si usted es un Presunto Miembro del Colectivo de Demandantes (vea la Pregunta 1.a., arriba), ya habrá recibido una ayuda significativa. USCIS ya ha aprobado su petición de SIJ en un calendario establecido por el tribunal federal para garantizar el cumplimiento de la orden judicial preliminar.

b. **Procedimientos de Remoción en Cursos.** Aunque su petición SIJ haya sido aprobada, puede que usted aún esté en procedimientos de remoción mientras espera que llegue su "fecha de prioridad" para poder solicitar la residencia permanente legal (una Tarjeta Verde o *Green Card*). Si esa es su situación, y aún está en procedimientos de remoción en un tribunal de inmigración, el acuerdo lo protege en varias maneras.

   i. **Prolongaciones, Colocación en el Estatus de la Lista de Caso, o Cierre Administrativo.** Excepto en algunas circunstancias (ver a continuación), el gobierno se unirá, o no se opondrá, a una moción que presente en el tribunal de inmigración o en la Junta de Apelaciones de Casos de Inmigración (BIA) para una prolongación, colocación en el estatus de la lista de casos o cierre administrativo. Estos tipos de mociones le darán tiempo para esperar a que llegue su fecha de prioridad de manera que pueda solicitar la tarjeta de residente permanente. Usted deberá citar el acuerdo de conciliación en la moción. Esto es lo que puede escribir: "I am a member of the Presumed Class in *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J.), and I am protected by the settlement in that case." (Soy un miembro del presunto colectivo de demandantes en el caso *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J.), y estoy protegido por el acuerdo de conciliación en este caso.)

   ii. **Cancelación de los Procedimientos de Remoción sin Prejuicio.** Excepto en ciertas circunstancias (ver más abajo), el gobierno se unirá, o no se opondrá, a una moción que presente en el tribunal de inmigración o en la BIA para cancelar los procedimientos de remoción sin perjuicio. Si se concede esta moción, el tribunal de inmigración cancelará sus procedimientos de remoción, pero el gobierno podrá volver a presentar una demanda en su contra si hace algo que lo hace inelegible para una tarjeta de residente permanente. Si presenta esta moción, debe hacerlo dentro de un año de alcanzar su fecha de prioridad, y debe citar el acuerdo de conciliación en la moción. Esto es lo que puede escribir: "I am a member of the Presumed Class in *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J.), and I am protected by the settlement in that case. I reached my priority date on [date], less than one year ago." ("Soy miembro del Presunto Colectivo de Demandantes en el caso *W.A.O. v. Jaddou,* No. 2: 19-cv-11696 (D.N.J.), y estoy protegido por el acuerdo en ese caso. Llegué a mi fecha de prioridad en [fecha], hace menos de un año.")

   iii. **Reapertura de los Procedimientos de Remoción.** Excepto en ciertas circunstancias (ver más abajo), el gobierno se unirá, o no se opondrá, a una moción que presente en el tribunal de inmigración o en la BIA para reabrir su

caso. Usted querrá presentar una moción para reabrir si el tribunal de inmigración emitió una orden de remoción en su contra, pero ahora tiene una petición SIJ aprobada. El propósito de la moción es pedirle al tribunal de inmigración o a la BIA que anulen (cancelen) la orden de remoción. Si hace este tipo de moción, generalmente también podría pedir una suspensión de la remoción (una orden temporal que impida su remoción) para que el gobierno no lo remueva mientras su moción para reabrir el caso esté pendiente. Excepto en ciertas circunstancias, el gobierno se unirá, o no se opondrá, a las mociones de suspensión de remoción hechas en relación con las mociones de reapertura. Si usted hace este tipo de mociones, debe hacerlo dentro de un año a partir del acuerdo final en este caso, y debe citar el acuerdo de conciliación en su(s) moción(es). Esto es lo que puede escribir: "I am a member of the Presumed Class in *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (D.N.J.), and I am protected by the settlement in that case. I am filing this motion on [date], less than one year after the final settlement in that case." ("Soy miembro del Presunto Colectivo de Demandantes en el caso *W.A.O. v. Jaddou,* No. 2: 19-cv-11696 (D.N.J.), y estoy protegido por el acuerdo en ese caso. Estoy presentando esta moción en [fecha], menos de un año después del acuerdo final en ese caso.")

iv. **Circunstancias en las que los Demandados Pueden Negarse a Unirse a las Mociones.** El gobierno puede negarse a unirse, o puede oponerse, a la moción de un presunto miembro del colectivo de demandantes en las siguientes circunstancias:

- Cuando el presunto miembro del colectivo de demandantes ha sido condenado por un delito mayor agravado según se define en la Sección 101(a)(43) de INA o condenado por un delito en el cual un elemento fue la participación activa en una pandilla callejera criminal, según definido en 18 U.S.C. § 521(a), o no es menor de 16 años de edad y participó intencionalmente en una pandilla criminal organizada u organización criminal transnacional para promover la actividad ilegal de la pandilla o la organización criminal transnacional; O

- Cuando el presunto miembro del colectivo de demandantes participe o sea sospechoso de participar en actividades terroristas o relacionadas con el terrorismo; ha participado o es sospechoso de participar en actividades de espionaje o relacionadas con el espionaje; o cuya aprehensión, arresto o custodia sea necesaria para proteger la seguridad nacional de los Estados Unidos; O

- En casos extraordinarios que no entran dentro de las categorías enumeradas anteriormente, pero que, sin embargo, son riesgos para la seguridad nacional o la seguridad pública. En tales casos, el Asesor Legal Principal de ICE de la Oficina del Consejero Legal Principal (OPLA) de la localidad pertinente debe aprobar la oposición de ICE.

c.  **Otras formas de alivio migratorio.**  Usted tiene la libertad, y los demandados tienen la libertad, de iniciar o aceptar otras formas de alivio de inmigración no descritas explícitamente anteriormente.

d.  **Impugnaciones o apelaciones en su caso de inmigración.**  Nada en el acuerdo afecta de ninguna manera su derecho a impugnar o apelar la adjudicación de su petición SIJ, su solicitud de tarjeta de residente permanente, su solicitud de autorización de empleo o cualquier otra solicitud de inmigración que pueda presentar.  Del mismo modo, nada en el acuerdo afecta su derecho a impugnar o apelar una orden de remoción ingresada en su contra.  Usted tiene la libertad de hacer cualquier impugnación o apelación que desee en su caso o procedimiento de inmigración individual.

5.  **¿Cómo puedo obtener ayuda si soy un presunto miembro del colectivo de demandantes y estoy siendo removido?**

Si cree que es un presunto miembro de la clase y el gobierno está tratando de removerlo, debe comunicarse con su abogado de inmigración individual, si tiene uno.  *También* debe llamar al abogado del colectivo de demandantes en el bufete de abogados Lowenstein Sandler.  Por favor, llame al **973-422-2972**.  El gobierno debe darle este mismo número nuevamente al menos 14 días antes de la fecha de remoción programada.  El gobierno también notificará a los abogados del colectivo de demandantes al menos 14 días antes de su remoción programada, y trataremos de comunicarnos con usted.  Trabajaremos con usted para averiguar si está protegido por el acuerdo y cómo ayudarlo.

### *COMPARECENCIAS Y OBJECIONES*

Es posible que usted desee comparecer en la audiencia del acuerdo y / u objetar este acuerdo propuesto.  La audiencia del acuerdo será a las [**para completar por las partes**] a.m./p.m. en **[para completar por las partes]**, 2022 [**para completar por las partes**].

Si desea comparecer u objetar, deberá informarlo al tribunal.  Debe enviar una solicitud para ser escuchado o una notificación por escrito de objeción al tribunal dentro de los 35 días posteriores a hoy, o antes del **[para completar por las partes].**

Puede enviar la solicitud o la notificación de una o ambas maneras:

- Por correo, a esta dirección:
  Clerk of the Court
  Martin Luther King Building & U.S. Courthouse
  50 Walnut Street, Room 4015
  Newark, NJ 07101

- Electrónicamente, pero necesitará un abogado que le ayude a hacerlo.

Su solicitud de ser escuchado o notificación de objeción debe incluir la siguiente información:

- El nombre y número del caso:
  *W.A.O. v. Jaddou*, No. 2:19-cv-11696 (MCA) (MAH)

- Su nombre

- Su dirección y número de teléfono, o la dirección y número de teléfono de su abogado

- Una explicación de por qué quiere ser escuchado o por qué quiere objetar

Solo podrá expresar lo que desee sobre el acuerdo propuesto mediante el envío de una solicitud de comparecencia o una notificación de objeción.  No puede optar por no participar en el acuerdo.  Si el Tribunal aprueba el acuerdo en la audiencia, se convertirá en final.