UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.O., *et al.*, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>UR M. JADDOU, *et al.*<br><br>*Defendants*. | *Civil Action No.* 2:19-cv-11696-MCA-MAH<br><br>[~~PROPOSED~~] FINAL APPROVAL AND ORDER |

Having approved the Parties' proposed form and methods of notice to the Class and having held a hearing pursuant to F.R.C.P. 23(e)(2), the Court determines that the Parties' Settlement Agreement of January 4, 2022 merits final approval. *and having considered the joint motion for final approval of the stipulation of settlement and dismissal (D.E. 126); and having held a hearing on April 20, 2022; and for the reasons set forth on the record on April 20, 2022; and for good cause shown;*

In support of this conclusion, the Court finds as follows:

A. Class Representatives W.A.O., H.H.M.C., N.L.J., and K.M.R.L. adequately represented the Class, as defined in the Court's September 17, 2019, Order (ECF No. 29) certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(2).

B. Class Counsel at Lowenstein Sandler adequately represented the Class.

C. The Parties negotiated the Settlement Agreement at arm's length.

D. The relief provided to the Class is adequate. In particular, the Settlement Agreement provides that:

i. Class Members will not be disqualified from classification as Special Immigrant Juveniles on the basis of the policy challenged in this litigation;

ii. As of December 6, 2021, the United States Citizenship and Immigration Services (USCIS) had granted the Special Immigrant Juvenile (SIJ) petitions of 715 Potential Class Members (as defined in the Settlement Agreement);

iii. Class Counsel had a fair opportunity to review relevant materials filed with the SIJ petitions of Potential Class Members whose petitions were not approved; any objections have been resolved; the Parties agree that none of the final denials conflicted with the Court's July 3, 2019 Preliminary Injunction Order (ECF No. 20) or any other order of this Court; and the Parties agree that USCIS has adjudicated the SIJ petitions of all known Potential Class Members without relying on the policy challenged in this litigation;

iv. Previously Unidentified Class Members (as defined in the Settlement Agreement) will have the ability to identify themselves and seek assistance within six months of the posting of the Notice of Proposed Settlement, which was completed on February 28, 2022;

v. For Class Members who identify themselves as such and are still in removal proceedings, Defendants have agreed to join, or not oppose, certain

motions the Class Member may make, unless Defendants decline this relief in accordance with exceptions in the Settlement Agreement;

vi. For Class Members who face removal, Defendants have agreed to provide notice to Class Counsel and to facilitate communication between Class Counsel and the Class Member (as specifically set forth in Section III of the Settlement Agreement);

vii. The Settlement Agreement thus takes the circumstances of all Class Members into account and treats them equitably relative to one another;

viii. The Parties have agreed to a reasonable settlement in the amount of $505,000 for attorney's fees and costs, with the attorney's fees payable within 60 days of the entry of this order; and

ix. The terms of the Settlement Agreement are therefore fair, reasonable, and adequate in light of the costs, risks, and delay of trial and appeal.

Having determined the above, the Court hereby GRANTS the Parties' Joint Motion for Final Approval of the Settlement Agreement, and orders the following:

1. The Settlement Agreement is approved as fair, reasonable, adequate, in the best interest of the Class Members, and binding on all Class Members, and its terms shall be effectuated as set forth in the Settlement Agreement;

2. Objections to the Settlement Agreement, if any, are overruled;

3. The case is dismissed with prejudice as to all Settled Claims, as defined in the Settlement Agreement; and

4. The Court retains jurisdiction to enforce the Settlement Agreement for the purpose of enforcing any of its provisions and terms, until the Settlement Agreement terminates. The Settlement Agreement and the Court's exclusive jurisdiction to enforce the Settlement Agreement shall both terminate automatically eighteen months following the completion of the posting of the Notice of Proposed Settlement on February 28, 2022. The Court may extend its jurisdiction in response to a motion filed by the Plaintiffs alleging a breach of the Settlement Agreement, if such a motion is filed before the termination date.

**IT IS SO ORDERED.**

DATE: 4/20/2022

MICHAEL A. HAMMER
United States Magistrate Judge