TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO DE NUEVA JERSEY

| | |
|---|---|
| W.A.O., *et al.*, en nombre propio y de todos los demás en situaciones similares,<br><br>*Demandantes,*<br><br>v.<br><br>UR M. JADDOU, *et al.*<br><br>*Demandados.* | *Acción Civil N°.* 2:19-cv-11696-MCA-MAH<br><br>**APROBACIÓN Y ORDEN FINAL** |

Luego de haber aprobado los métodos de notificación propuestos por las Partes al Colectivo de Demandantes y haber celebrado una audiencia de conformidad con F.R.C.P. 23(e)(2); y habiendo considerado la moción conjunta para la aprobación definitiva de la Estipulación de Conciliación y Desestimación (D.E. 126); y habiendo tenido una audiencia el 20 de abril de 2022; y por las razones expuestas en el registro de 20 de abril de 2022; y por una buena causa mostrada, el Tribunal determina que el Acuerdo de Conciliación de las Partes del 4 de enero de 2022 amerita la aprobación final.

En apoyo a esa conclusión, el Tribunal halla lo siguiente:

A. Los Representantes del Colectivo de Demandantes W.A.O., H.H.M.C., N.L.J., y K.M.R.L. representaron adecuadamente al Colectivo de Demandantes, según se define en la Orden del Tribunal del 17 de septiembre de 2019 (ECF No. 29)

Case 2:19-cv-11696-MCA-MAH   Document 128-1   Filed 04/20/22   Page 2 of 5 PageID: 1193

que certifica al Colectivo de Demandantes conforme a la Regla Federal de Procedimiento Civil 23(b)(2).

B. Los Abogados del Colectivo de Demandantes en Lowenstein Sandler representaron adecuadamente al Colectivo de Demandantes.

C. Las Partes negociaron el Acuerdo de Conciliación en condiciones de plena competencia.

D. El alivio proporcionado al Colectivo de Demandantes es adecuado. En particular, el Acuerdo de Conciliación dispone que:

   i. Los Miembros del Colectivo de Demandantes no serán descualificados como Jóvenes Inmigrantes Especiales sobre la base de la política impugnada en este litigio;

   ii. Al 6 de diciembre de 2021, el Servicio de Ciudadanía e Inmigración de los Estados Unidos (USCIS) había otorgado las peticiones de Jóvenes Inmigrantes Especiales (SIJ) de 715 Posibles Miembros del Colectivo de Demandantes (según se define en el Acuerdo de Conciliación);

   iii. Los Abogados del Colectivo de Demandantes tuvieron la oportunidad justa de revisar los materiales relevantes presentados ante las peticiones de SIJ de los Posibles Miembros de la Clase de Demandantes cuyas peticiones no fueron aprobadas; cualquier objeción se ha resuelto; las Partes acuerdan que ninguna de las denegaciones finales entró en conflicto con la Orden Judicial Preliminar del Tribunal del 3 de julio de 2019 (ECF N° 20) o

Case 2:19-cv-11696-MCA-MAH Document 128-1 Filed 04/20/22 Page 3 of 5 PageID: 1194

cualquier otra orden de este Tribunal; y las Partes acuerdan que USCIS ha adjudicado las peticiones de SIJ de todos los Posibles Miembros del Colectivo de Demandantes conocidos sin depender de la política impugnada en este litigio;

iv. Miembros del Colectivo de Demandantes No Identificados Anteriormente (según definido en el Acuerdo de Conciliación) tendrán la capacidad de identificarse y buscar ayuda durante los seis meses siguientes a la publicación de la Notificación de Acuerdo Propuesto, que fue completada el 28 de febrero de 2022;

v. Para los Miembros del Colectivo de Demandantes que se identifican como tal y aún están en procedimientos de remoción, los Demandados han acordado unirse, o no oponerse, a ciertas mociones que el Miembro del Colectivo de Demandantes pueda hacer, a menos que los Demandados rechacen este alivio de acuerdo con las excepciones en el Acuerdo de Conciliación;

vi. Para los Miembros del Colectivo de Demandantes que enfrentan la remoción, los Demandados han acordado notificar a los Abogados del Colectivo de Demandantes y facilitar la comunicación entre los Abogados del Colectivo de Demandantes y el Miembro del Colectivo de Demandantes (según se establece específicamente en la Sección III del Acuerdo de Conciliación);

vii. El Acuerdo de Conciliación, por consiguiente, toma en cuenta las circunstancias de todos los Miembros del Colectivo de Demandantes y los trata equitativamente entre sí;

viii. Las Partes han acordado un acuerdo razonable por un monto de $505,000 para el pago de honorarios y costos de abogados, con los honorarios del abogado pagaderos dentro de los 60 días posteriores a la entrada de esta orden; y

ix. Por lo tanto, los términos del Acuerdo de Conciliación son justos, razonables y adecuados teniendo en consideración los costos, los riesgos y el retraso de juicio y apelación.

Luego de haber determinado lo anterior, el Tribunal, por la presente, CONCEDE la Moción Conjunta de las Partes para la Aprobación Final del Acuerdo de Conciliación, y ordena lo siguiente:

1. El Acuerdo de Conciliación se aprueba como justo, razonable, adecuado, en el mejor interés de los Miembros del Colectivo de Demandantes, y vinculante para todos los Miembros del Colectivo de Demandantes, y sus términos se aplicarán según lo establecido en el Acuerdo de Conciliación;

2. Se anulan las objeciones al Acuerdo de Conciliación, si las hubiera;

3. El caso se desestima con perjuicio de todas las reclamaciones resueltas, tal como se definen en el Acuerdo de Conciliación; y

4. El Tribunal conserva la jurisdicción para hacer cumplir el Acuerdo de Conciliación con el fin de hacer cumplir cualquiera de sus disposiciones y términos, hasta que finalice el Acuerdo de Conciliación. El Acuerdo de Conciliación y la jurisdicción exclusiva del Tribunal para hacer cumplir el Acuerdo de Conciliación terminarán automáticamente dieciocho meses después de la finalización de la publicación de la Notificación de Acuerdo Propuesto el 28 de febrero de 2022. El Tribunal puede extender su jurisdicción en respuesta a una moción presentada por los Demandantes alegando un incumplimiento del Acuerdo de Conciliación, si dicha moción se presenta antes de la fecha de terminación.

**ASÍ SE ORDENA.**

FECHA: 4/20/2022

MICHAEL A. HAMMER
Juez Magistrado de los Estados Unidos